## State of Vermont v. Joseph Purvis

[505 A.2d 1205]

No. 84-470

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 13, 1985

*Robert Andres*, Chittenden County Deputy State's Attorney, and *Jeff Maskowitz*, Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*David Carpenter*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Hill, J.** This interlocutory appeal comes to us on report pursuant to V.R.A.P. 5(a) from the district court's denial of defendant's motion to dismiss the State's complaint charging him with lewd and lascivious conduct in violation of 13 V.S.A. § 2601. The ques-

tion of law sought to be reviewed is as follows: Whether, as applied to the facts of this case, 13 V.S.A. § 2601 is unconstitutionally vague under the United States and Vermont Constitutions. We answer this certified question in the negative.

■ The State first argues that interlocutory review is inappropriate here because "factual distinctions could control the result." This contention is plainly without merit. In *State* v. *Elwell*, 131 Vt. 245, 247, 303 A.2d 134, 135 (1973), we noted that we would only rule on the constitutionality of a statute in the context of "the factual situation in the case out of which it arises." In this case, however, the parties have stipulated to the factual context within which we decide the certified question before us.

To briefly summarize, three young girls between the ages of 11 and 14 attested that the defendant exposed himself to them from a window of his house as they were walking home from school. According to two of the girls, the defendant knocked on his window to attract their attention before he revealed himself.

The statutue at issue here provides:

> A person guilty of open and gross lewdness and lascivious behavior shall be imprisoned not more than five years or fined not more than $300.00, or both.

13 V.S.A. § 2601. As the defendant rightly points out, the terms "lascivious" and "lewdness" are, for all practical purposes, not defined by statute.

■ The void-for-vagueness doctrine stresses two aspects: (1) fair warning to potential offenders that their conduct is proscribed; and (2) sufficiently precise standards to avoid arbitrary and discriminatory enforcement. See *Kolender* v. *Lawson*, 461 U.S. 352, 357 (1983) (stop and identify statute, which vests virtually complete discretion in hands of police to determine whether suspect provides "credible and reliable" identification, held unconstitutional); Note, *The Void-for-Vagueness Doctrine in the Supreme Court*, 109 U. Pa. L. Rev. 67, 67 n.3 (1960). The defendant focuses on the second component of the void-for-vagueness doctrine, claiming that the statute permits a "standardless sweep" proscribing, as this case allegedly demonstrates, mere nudity. We disagree with the defendant's analysis primarily because we reject his characterization of the facts.

In *State* v. *Millard*, 18 Vt. 574, 577 (1846), this Court upheld the constitutionality of a statute very similar to the one that is

now before the Court. Although the *Millard* Court declined to define what constitutes lewd and lascivious conduct, deferring instead to the common sense of the community, it did identify factors which rendered the defendant's conduct "lascivious . . . beyond question." *Id.* It was the intentional public exposure of himself, "with a view to excite unchaste feelings and passions . . . calculated to outrage the feelings of the person, to whom he thus exposed himself" that made his conduct punishable under the statute. *Id.* at 577-78.

■ This defendant is not being prosecuted for mere nudity. The facts, as stipulated to, reveal that he intentionally drew attention to himself before he exposed himself to the complainant. The criminal intent identified by the Court in *Millard* is thus present here, and we have no trouble concluding that the statute is sufficiently certain to inform a person of reasonable intelligence that this type of conduct is proscribed. See *State* v. *Roy*, 140 Vt. 219, 229, 436 A.2d 1090, 1095 (1981) (court rejected vagueness challenge to statute prohibiting lewd and lascivious conduct upon a child). Since "[v]agueness challenges to statutes not involving First Amendment freedoms must be examined in light of the facts" presented, *id.*, we need not decide whether this statute passes constitutional muster under all possible applications.

*The certified question for review is answered in the negative.*