## State of Vermont v. Douglas W. Fisher

[702 A.2d 41]

No. 96-015

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed March 21, 1997

Motion for Reargument Denied August 6, 1997

38

*Jeffrey L. Amestoy,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Robert J. Appel,* Defender General, *Anna E. Saxman,* Appellate Defender, Montpelier, and *Allan R. Keyes,* Of Counsel, Rutland, for Defendant-Appellant.

**Gibson, J.** Defendant Douglas Fisher appeals his conviction for lewd or lascivious conduct with a child in violation of 13 V.S.A. § 2602. He claims that the court's admission of hearsay testimony by a court-appointed psychologist, a social worker, and a police officer violated V.R.E. 804a. He also protests the admission of certain statements by the psychologist, and claims the court erred in allowing the psychologist to testify as both an expert and a Rule 804a witness. We affirm the court's judgment, finding, in part, that although the 804a testimony by the psychologist was improperly admitted, the admission was harmless.

The allegations against defendant arose in 1993 during a visitation dispute, one in a series of family conflicts. Defendant and his former wife married in 1982 and separated in 1988, with the divorce becoming final in 1990. The former wife was awarded custody of two

daughters from the marriage; defendant received visitation rights. In 1992, defendant was acquitted of sexual assault charges brought by his former wife based on alleged conduct during the marriage. Visitation with both children continued throughout this period.

In September 1992, the mother cut off visitation after the girls told her they no longer wanted to visit defendant. As part of the effort to settle this dispute, the family court ordered a psychological evaluation of the two girls, then ages eight and nine, in June 1993. During the first session, the children talked generally about visits and described a violent fight they had witnessed between defendant and a female friend. That evening, however, the older daughter informed her mother of sexually inappropriate behavior that occurred during visitation. The mother related the story to the psychologist, who scheduled a second visit, and reported the information to the Department of Social and Rehabilitation Services (SRS), which informed the police.

On the second visit with the psychologist, the older child described the abuse, with the younger daughter agreeing, "That happened to me too." A few days later, an SRS investigator and a Brattleboro police officer also interviewed both children. Defendant was subsequently convicted of two counts of lewd or lascivious conduct with his daughters. This appeal followed.

Defendant first contends that the psychologist's testimony during trial concerning statements made by the younger child was inadmissible under V.R.E. 804a. Rule 804a allows a witness to testify to hearsay statements made by a child ten years old or younger if the statements are offered in a sexual assault case where the child is an alleged victim, the statements were not taken in preparation for a legal proceeding, the child is available to testify, and the circumstances surrounding the statements show they are trustworthy. V.R.E. 804a(a); *State v. Weeks*, 160 Vt. 393, 399, 628 A.2d 1262, 1265 (1993). We recognize that a court has great discretion in admitting or excluding evidence under the rule, and we will not reverse such decisions unless there has been an abuse of discretion resulting in prejudice. See *Gilman v. Towmotor Corp.*, 160 Vt. 116, 122, 621 A.2d 1260, 1262 (1992).

Defendant contends the court abused its discretion in allowing the testimony because the statements were made in preparation for a legal proceeding. The test to determine if a child's hearsay statements are admissible is whether an objective view of the totality of

the circumstances indicates that the statements were gathered primarily for reasons other than preparation for a legal proceeding. *State v. Blackburn*, 162 Vt. 21, 25, 643 A.2d 224, 226 (1993). Here, the circumstances indicate that the statements to the psychologist were indeed taken in preparation for a legal proceeding — the visitation dispute in family court. The psychologist testified that she was appointed by the court to examine the children. She stated that she was initially contacted by someone from the court, and she understood that her role was to evaluate for the court why the children had suddenly stopped wanting to visit defendant. Therefore, the trial court abused its discretion in allowing the psychologist to testify to what the younger child told her during the evaluation. Cf. *State v. Lawton*, 164 Vt. 179, 188, 667 A.2d 50, 58 (1995) (statement admissible where disclosure was made days after issuance of relief-from-abuse order, but no other legal proceeding pending at time of disclosure).

■■ The State argues, however, that the "in preparation for a legal proceeding" requirement bars only statements made in preparation for the proceeding in which the statement is offered, thereby allowing statements made in preparation for separate court proceedings. We disagree. Where the language of a rule is plain on its face, it must be enforced according to its express terms. *State v. Forcier*, 162 Vt. 71, 75, 643 A.2d 1200, 1202 (1994). The Legislature excluded all hearsay statements taken in preparation for "a legal proceeding" — without exception. Considering the specificity of the other requirements, including limits on the class of person, age of the child, and type of proceeding, we must assume that the Legislature would have indicated if it intended to include some legal proceedings and exclude others.

In addition, Rule 804a was enacted to allow admission of a child-victim's early communications (which the Legislature found to be highly trustworthy), but only where there is minimal risk of fabrication. Reporter's Notes, V.R.E. 804a. Unfortunately, the risk of fabrication increases when a child becomes embroiled in a legal dispute involving multiple proceedings, where a child's hearsay statements taken in preparation for one proceeding could be relevant to a different, but associated proceeding — a situation common in family disputes. Although it is unclear how often people are falsely accused or prosecuted for child molestation, some studies suggest that false allegations are especially common in family disputes. R. Marks, *Should We Believe the People Who Believe the Children?: The Need for a New Sexual Abuse Tender Years Hearsay Exception*

*Statute,* 32 Harv. J. on Legis. 207, 209 & nn.8-9 (1995) (one study found 20% of accusations in visitation and custody disputes probably fictitious; another study found false-positive incidence of 55%). Without in any way challenging the truthfulness of the child's statements at issue, the risk of fabrication was illustrated when the psychologist testified that the children knew she was involved in determining whether "they would have to visit their father in the future."

▮ Acknowledging the Legislature's concern for reliability, the State urges us to adopt a balancing test. A freshly disclosed statement made under circumstances suggesting reliability would be admissible, whereas a statement made under circumstances calling into doubt its trustworthiness would not. But such an interpretation makes the language of 804a(a)(2) redundant with 804a(a)(4): in addition to the prohibition on statements made in preparation for legal proceedings, V.R.E. 804a(a)(2), the court must find that the "time, content and circumstances of the statements provide substantial indicia of trustworthiness," V.R.E. 804a(a)(4). We will not interpret the rule in a manner that would make one step redundant with another, but instead strive to give meaning to each and every part of the rule while interpreting it as a coherent whole. See *State v. Wright*, 154 Vt. 512, 527, 581 A.2d 720, 729 (1989) (in construing language in rule, we look to entire rule), *cert. denied sub nom. Wright v. Vermont*, 498 U.S. 1032 (1991).

▮▮ Nonetheless, we find the trial court's error in admitting the psychologist's testimony under Rule 804a was harmless. To do so, we inquire whether, absent the alleged error, it is clear beyond a reasonable doubt that the jury would have returned a guilty verdict regardless of the error. *Id.* at 519-20, 581 A.2d at 725; see V.R.Cr.P. 52(a). Several witnesses, in addition to the psychologist, testified concerning the allegations. The older child, eleven years old at the time of the trial, testified directly about the abuse and circumstances surrounding the abuse and identified defendant as the abuser. Although the younger child was unable to repeat the accusations on the stand, she remembered giving a written statement describing the abuse to the SRS investigator and identified the statement during the trial. The testimony of both children during the trial was consistent with the testimony of the SRS investigator and the police officer, who interviewed the children a few days after they revealed the abuse. The SRS investigator testified that the younger daughter drew a line to the vaginal area on an anatomically correct drawing and labelled it

"Dad," and then made both written and verbal statements that defendant had touched her vagina. The police officer confirmed these statements, and offered additional details of the interview. The amount and consistency of the testimony from the SRS investigator, the police officer, the children's mother, and the children themselves indicate that the psychologist's testimony concerning one statement by the younger child was harmless.

■■ But the defendant contends that the testimony of the SRS investigator and the police officer also violated Rule 804a because it too was taken in preparation for a legal proceeding. We have previously determined that communications to social workers and the police are not necessarily in preparation for a legal proceeding. The focus of an SRS investigation is not to make a case against the accused, but to ascertain the reliability of the accusations so the child can, if necessary, be protected. *State v. Duffy*, 158 Vt. 170, 172, 605 A.2d 533, 535 (1992); see also *State v. Curtis*, 157 Vt. 275, 279, 597 A.2d 770, 772 (1991) (communications with SRS caseworkers are made for . purpose of investigation to enable State to take appropriate protective measures). Likewise, statements taken by police officers are often investigatory. It is "reasonable to have the police investigate directly and not base criminal action on SRS's merely telling the police about the child's statements." *Blackburn*, 162 Vt. at 25, 643 A.2d at 226. Again we must look to the totality of the circumstances to determine whether the interviews were primarily to investigate the allegations or primarily to prepare a legal action against the accused. *Id.* Where a child's testimony has been clear and consistent and additional interviews were conducted merely to repeat the accusation or to preserve the accusation, the court may find that the primary purpose was to prepare for legal proceedings. *Id.*

Such is not the situation here. The statements made by the younger child, to which both the SRS investigator and the police officer testified, were made during the initial interview with the children. The interview was held within a week of the mother informing SRS of the allegations. The SRS investigator, in turn, notified the police department in the jurisdiction where the incident likely occurred and requested assistance with the investigation. Thus the evidence supports the conclusion that the interview by SRS and the police was investigatory, and the trial court did not abuse its discretion in admitting their testimony.

We next consider defendant's contention that the court erred in admitting two other statements by the psychologist. First, the

psychologist testified that after the first session with the children, she made a note that behavior reported by the mother (including extreme fear of the dark, fear of sleeping alone, nightmares, and bed-wetting) was "suggestive of some direct trauma to them." Defendant claims that this testimony, along with testimony that it was unlikely that the behavior was caused by something the children observed or were told, implicitly declared that the alleged sexual abuse had occurred. Second, the psychologist testified that during the older daughter's disclosure, her "affect seemed extremely congruent with the content of what she was saying." Defendant claims that this qualifies as impermissibly vouching for the truth of the child's statement.

But defendant cannot claim error in admission of evidence unless he made a timely objection or motion to strike during trial. V.R.E. 103(a)(1). The objection must have been made at the time the evidence was offered or the question was asked, *Brown v. Pilini*, 128 Vt. 324, 330, 262 A.2d 479, 482 (1970), and objection on one ground does not preserve the issue for appeal on other grounds. *State v. Bubar*, 146 Vt. 398, 400, 505 A.2d 1197, 1199 (1985). Defendant failed to object following the psychologist's statement and follow-up answers that the children's symptoms were suggestive of direct trauma. Defendant also failed to object following the psychologist's statement that the older child's affect was congruent with what the child was saying. There was no objection until the State asked whether the child's affect was different from that on the prior interview, and then the defendant objected generally, asserting only, "I would [object to] this line of questioning. I think it should cease." Defendant's failure to offer timely, specific objections when the issues were raised waives his right to appeal those issues.

In addition, we do not find that the psychologist's testimony concerning "direct trauma" and the older child's affect and mannerisms rises to the level of plain error. See V.R.Cr.P. 52(b). To reverse on plain error, we must find not only that the error seriously affected substantial rights, but also that it had an unfair prejudicial impact on the jury's deliberations. *State v. Pelican*, 160 Vt. 536, 538-39, 632 A.2d 24, 26 (1993). Obviousness of the error and prejudice to the defendant are key factors. *Weeks*, 160 Vt. at 400, 628 A.2d at 1266.

The psychologist stated only that the children's behavior was "*suggestive* of *some* direct trauma," without directly linking the trauma to the alleged sexual abuse. Although the psychologist testified the behavior was unlikely to result from merely observing

some event, the jury heard testimony from both parties about other sources of trauma in the children's lives, including possible abuse of the older daughter by another family member, presence during a violent fight between defendant and a female friend, and spankings by defendant to both children.

We also do not find that the testimony that the older child's affect and mannerisms were consistent with what she was saying rises to the level of vouching for her credibility. During the same line of questioning, the psychologist had already noted that the older child showed extreme embarrassment in discussing the entire incident and "clearly wanted the interview over as soon as possible." While we remain concerned that expert testimony may slip into impermissible comment on the complainant's credibility, *State v. Sims*, 158 Vt. 173, 181, 608 A.2d 1149, 1154 (1991), the psychologist's testimony does not rise to the level of plain error where the jury could have reasonably interpreted her statement to mean that the child acted embarrassed while describing an embarrassing situation. Cf. *Weeks*, 160 Vt. at 398-99, 628 A.2d at 1265 (psychologist questioned child whether mother had prompted her and indicated that child's way of describing incident made psychologist believe abuse actually occurred); *Sims*, 158 Vt. at 180, 608 A.2d at 1153 (manner in which expert answered question conveyed belief that abuse occurred); *State v. Gokey*, 154 Vt. 129, 138-39 n.6, 140, 574 A.2d 766, 771 n.6, 771-72 (1990) (same); *State v. Catsam*, 148 Vt. 366, 370, 534 A.2d 184, 187-88 (1987) (expert testified that child suffered post-traumatic stress disorder and that children with disorder do not fabricate abuse claims).

██ Defendant contends finally that the trial court erred in allowing the psychologist to testify as both an expert witness and a Rule 804a witness. There is no express prohibition against a person serving as a witness offering hearsay testimony under Rule 804a and as a properly qualified expert witness. See *Weeks*, 160 Vt. at 399-400, 628 A.2d at 1265-66 (expert's role in relating victim's account of abuse under Rule 804a would have been proper but for other errors). What is prohibited is an expert going beyond merely relating the victim's account under Rule 804a and vouching for the declarant's credibility. *Id.* at 400, 628 A.2d at 1265-66. As already discussed, we do not find that the psychologist's testimony rises to that level.

*Affirmed.*