2003 VT 106

**STATE of Vermont v. Vernon T. SHIPPEE**

[839 A.2d 566]

No. 02-081

¶ 1. November 5, 2003. Defendant Vernon T. Shippee appeals his conviction after a jury found him guilty of lewd and lascivious conduct in violation of 13 V.S.A. § 2601. He argues on appeal that: (1) he was subjected to arbitrary and discriminatory enforcement because he was charged under 13 V.S.A. § 2601, a felony, rather than under 13 V.S.A. § 2632, a misdemeanor; (2) the trial court erred by admitting, as signature evidence, a videotape and testimony regarding defendant's prior conduct at another store; (3) it was plain error for the court to admit a police officer's testimony because it impermissibly bolstered the credibility of the hearsay statements made by the child victim; and (4) the court erred in denying defendant's motion to require the State to produce the child victim as a witness. We hold that the trial court failed to exercise its discretion under V.R.E. 403 when it admitted the evidence regarding defendant's prior conduct and, therefore, reverse and remand.

¶ 2. The State charged defendant with lewd and lascivious conduct for exposing himself and masturbating in front of a young child at a department store. The charge was based on the following alleged facts. On May 31, 1998, T.P. (mother) was shopping at Wal-Mart with her five-year-old daughter, E.P., when a man, later identified as defendant, approached them. According to the testimony, defendant followed them closely throughout the store. Subsequently, on July 19, 1998, the family was watching a

news story on television that showed defendant's picture in connection with a court case. E.P., who was playing in the room during the news story, approached mother and said to her unexpectedly that the man on television was a "bad man" who "had his private parts sticking out" and "was scratching himself" when they were at Wal-Mart. Mother promptly notified the police, and a police detective and SRS investigator interviewed E.P. at the police special investigations office. Defendant was then arrested and eventually charged under 13 V.S.A. § 2601.

¶ 3. Prior to trial, the State moved to introduce hearsay statements of E.P., pursuant to V.R.E. 804a. Specifically, the State sought to introduce statements made by E.P. to her mother and the detective during the police interview. In ruling that the child's statements were admissible hearsay under Rule 804a, the court noted the presence of "substantial indicia of trustworthiness sufficient to allow the jury to consider, weigh and dispose of the information."

¶ 4. In February 2000, the State filed a "Notice of Prior Bad Acts" in which it stated its intent to introduce testimony by a loss prevention specialist at Ames Department Store that, on May 3, 1998, he observed, and recorded on closed circuit video, defendant approach a young child in the store and "play" with himself. The court denied the motion, subject to further motion for introduction at trial, finding that the "unfair prejudicial effect [of the evidence] is not outweighed by its probative value."

¶ 5. One week before trial, the State informed defendant's counsel by letter that the State was uncertain as to whether it would call E.P. to testify and that, therefore, defendant's counsel would have to subpoena E.P. if he wished to ensure her presence at trial. Defendant requested that E.P. be required to testify on the morning of trial, and the court denied the motion as untimely. During the jury trial, held on October 18,

2000, the State again sought to introduce the videotape and testimony of the Ames employee. After reviewing the tape, the trial judge granted the request, and allowed the State to admit the tape and testimony. The jury returned a verdict of guilty.

¶ 6. On October 20, 2000, two days after trial, defendant filed a motion to dismiss based on his argument that the State should have charged him with a prohibited act under 13 V.S.A. § 2632, a misdemeanor, instead of lewd and lascivious conduct under 13 V.S.A. § 2601, a felony. The court denied the motion, and this appeal followed.

I.

¶ 7. First, defendant claims he was subjected to arbitrary and discriminatory enforcement because he was charged with a felony under 13 V.S.A. § 2601 instead of a misdemeanor under 13 V.S.A. § 2632, and that the court therefore erred by denying his motion to dismiss. This argument lacks merit. When there are overlapping criminal offenses with which a defendant could be charged based on the facts, it is within the prosecutor's discretion to choose among them. *State v. Perry*, 151 Vt. 637, 641, 563 A.2d 1007, 1010 (1989); *United States v. Batchelder*, 442 U.S. 114, 123-24 (1979) ("This Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants.").

¶ 8. Defendant further argues that, under the void-for-vagueness doctrine, 13 V.S.A. § 2601 lacks "sufficiently precise standards to avoid arbitrary and discriminatory enforcement." See *State v. Purvis*, 146 Vt. 441, 442, 505 A.2d 1205, 1206-07 (1985). Because First Amendment interests are not implicated here, we must base our examination of the statute on its application to defendant and the facts presented, and not on the

statute's possible application to others. *State v. Dann*, 167 Vt. 119, 128, 702 A.2d 105, 111 (1997). Section 2601 provides that "[a] person guilty of open and gross lewdness and lascivious behavior shall be imprisoned not more than five years or fined not more than $300.00, or both." 13 V.S.A. § 2601. Defendant was charged with violating 13 V.S.A. § 2601 based on facts that he exposed himself and masturbated in front of a young child at a department store. As we found in *Purvis*, 146 Vt. at 443, 505 A.2d at 1207, "the statute is sufficiently certain to inform a person of reasonable intelligence that this type of conduct is proscribed." Thus, the court did not err by denying defendant's motion to dismiss.

## II.

¶ 9. Second, defendant argues that the trial court erred by admitting, under Vermont Rule of Evidence 404(b), a videotape and testimony regarding defendant's prior conduct at another department store as signature evidence. Defendant also claims that the court failed to exercise its discretion under V.R.E. 403.*

---

* Rule 403 provides that:

> evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 404(b) states that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

¶ 10. In order to claim error on appeal, a defendant is required to make a timely objection to the admission of evidence, and if it is not apparent from the context, he or she must state the specific ground for the objection. V.R.E. 103(a)(1). One of the primary purposes behind this rule requiring specific objections is to sufficiently alert the trial court to the theory behind the objection so that the judge can rule intelligently and quickly. *State v. Bissonette*, 145 Vt. 381, 392, 488 A.2d 1231, 1237 (1985); *Bryant v. Consol. Rail Corp.*, 672 F.2d 217, 220 (1st Cir. 1982). In this case, prior to trial in September 2000, the court denied the State's proffer of the prior act testimony and videotape under Rule 404(b) because its probative value did not outweigh its unfair prejudicial effect. One month later at trial, when the State again moved to admit that evidence, defendant objected to its admission on the grounds that it was "propensity" evidence.

¶ 11. Rules 403 and 404(b) "go hand in glove" because 404(b) "describes a particular form of evidence that might create the 'unfair prejudice' anticipated under [Rule] 403." *United States v. Currier*, 836 F.2d 11, 17 (1st Cir. 1987). Thus, even where the single issue on appeal was whether the trial court erred in improperly admitting a prior bad act pursuant to 404(b), we have proceeded to examine the admissibility under Rule 403: "[A]ssuming that the proffered evidence meets the requirements of Rule 404(b), the evidence must also pass the Rule 403 balancing test, in which the probative value of the evidence is compared to any unfair prejudicial effect." *State v. Winter*, 162 Vt. 388, 399, 648 A.2d 624, 631 (1994).

¶ 12. Given the necessary interaction between 404(b) and 403 in determining the admissibility of prior acts evidence, the context in which the objection was made, and the court's pretrial 404(b) ruling on Rule 403 grounds, the defendant's "propensity" objection was sufficiently specific to alert the trial court to

defendant's theory behind the objection and to preserve the objection for our review. Cf. *Bissonette*, 145 Vt. at 392, 488 A.2d at 1237 (finding that defendant's objection to prior bad acts evidence on grounds that it was "collateral" and not on 404(b) grounds was not sufficient to preserve objection for review under V.R.E. 404(b) because it did not draw the court's attention to defendant's concerns under Rules 403 and 404). Therefore, we first turn to the discretionary action of the trial court in making a decision under the 403 test because our decision on this issue is determinative.

¶ 13. The discretion of the trial court is broad when reaching a decision based on the balancing test under Rule 403. *State v. Wheel*, 155 Vt. 587, 604, 587 A.2d 933, 944 (1990). To prevail on his claim, defendant must prove the court either completely withheld its discretion or exercised it on grounds clearly untenable or unreasonable. *State v. Dorn*, 145 Vt. 606, 616, 496 A.2d 451, 457 (1985).

¶ 14. While we have not required the trial court to specify the precise weight it accords each factor in the balancing test, there must be *some* indication — especially in cases like this one where the potential for unfair prejudice is high — that the court actually engaged in the balancing test and exercised its discretion under V.R.E. 403. *State v. Derouchie*, 153 Vt. 29, 35, 568 A.2d 416, 419 (1989) (holding that record was sufficient to show exercise of discretion by trial court). We find no such indication here. The court admitted the evidence during trial, stating:

> I did just review that tape ... it's remarkable that the child is in the shopping cart and the mother is pushing the shopping cart and is immediately behind the child. But because it's in a department store with the racks, in effect, Mr. Shippee is around a corner from the child's mother and in the tape they are within a few feet of one another, Mr. Shippee and the child's mother, but the mother can't see Mr. Shippee. The child can, and Mr. Shippee is obviously playing with himself as charged. So I view this as signature evidence. I don't think this is propensity. This is a specific manner of committing this offense so I'm — I have to agree with [the State] that this is admissible for that reason because the argument has been made to the jury where the mother being right there, you know, it couldn't happen that way but, in fact, here's a tape that tells me this is precisely what happened — it has happened before and how this person has done it. So for that reason I am going to find that that's admissible. So you can — you can put on that testimony to show that tape.

Although we accord a court "wide discretion" in balancing the probative value of the evidence against the danger of unfair prejudice, we have found abuse of discretion notwithstanding a showing that the trial court performed the balancing. *Winter*, 162 Vt. at 399-400, 648 A.2d at 631 ("The trial court performed the balancing here . . . . [but] [e]ven accounting for the court's wide discretion, we conclude that probative value was substantially outweighed by the danger of unfair prejudice."). Here the court reviewed the admissibility of the evidence under V.R.E. 404(b), but there is no sign that it weighed the evidence under V.R.E. 403, despite the high risk of unfair prejudice.

¶ 15. We are not persuaded by the dissent's view that defendant "opened the door" to admission of the tape. First, we note that the trial court did not indicate that it was admitting the evidence on that basis. Second, the pretrial ruling balanc-

ing the danger of unfair prejudice created by admission of the tape against its probative value concluded that the risk of prejudice was too great absent "developments at trial" that presumably would lead to a different outcome only if an increase in the probative value of the evidence outweighed the danger of prejudice. No such weighing took place, and we do not share the dissent's view that the probative value of the evidence was clear and the unfairness of its prejudicial impact not apparent. Cf. *In re Nash*, 149 Vt. 63, 66, 539 A.2d 989, 991 (1987) (holding that there was no abuse of discretion in admitting evidence where trial court considered the appropriate factors of unfair prejudice, the "probative value of the evidence [was] clear, and the unfairness of any claimed prejudice [was] not readily apparent").

¶ 16. In light of our disposition of defendant's argument regarding the admission of evidence, it is unnecessary to address defendant's other arguments on appeal.

*Reversed and remanded.*

¶ 17. Skoglund, J., concurring. I concur with the plurality opinion that the trial court abused its discretion by failing to weigh evidence under V.R.E. 403 when deciding whether prior crime evidence is admissible under V.R.E. 404(b). I write separately, however, because I would also find that the trial court erred in finding the testimony of the department store clerk and the closed-circuit video regarding past acts to be signature evidence admissible under V.R.E. 404(b).

¶ 18. Rule 404(b) is designed to exclude evidence of prior similar acts if the evidence is introduced to show that the defendant has a propensity to commit the charged offense. *State v. Bruyette*, 158 Vt. 21, 27, 604 A.2d 1270, 1272 (1992). Prior act evidence can be admitted, however, if it is relevant to prove a different, legitimate element in the case such as identity, intent, plan, or knowledge. *State*

*v. Cardinal*, 155 Vt. 411, 414, 584 A.2d 1152, 1154 (1990).

¶ 19. When evidence of past acts is offered to prove identity, we require that it meet a strict relevance test to be admissible. *Bruyette*, 158 Vt. at 27, 604 A.2d at 1272. Identity must be a material issue before the jury, the prior act evidence must be logically relevant to the issue of identity, and the probative value of the evidence must outweigh its potential for prejudice. See *id.* at 27-29, 604 A.2d at 1272-73; *State v. Winter*, 162 Vt. 388, 392-400, 648 A.2d 624, 626-32 (1994); *Sweet v. Roy*, 173 Vt. 418, 434-42, 801 A.2d 694, 706-12 (2002). If identity is at issue in the case, the question for the court is whether the characteristics of the past act are so similar and idiosyncratic as to be earmarked the handiwork of the accused, in effect, to constitute the defendant's signature. *Bruyette*, 158 Vt. at 27, 604 A.2d at 1273.

¶ 20. In *Bruyette*, we examined whether testimony of the defendant's girlfriend about their prior consensual sexual conduct was relevant to identity and therefore admissible as signature evidence under Rule 404(b) when the specific sexual acts were distinct and substantially similar to those perpetrated on the victim of a sexual assault. *Id.* After establishing that identity was at issue because the victim was blindfolded during the assault, we noted that to admit the testimony as signature evidence, the pattern and characteristics of the prior act "must be so distinctive, in effect, to constitute the defendant's signature." *Id.* at 27, 604 A.2d at 1273. We further articulated the standard saying:

> Although the prior acts of the accused and the charged acts do not have to be identical, they must possess common features that make it highly likely that the unknown perpetrator and the accused are the same person. Whereas a few common

features that are unique may be sufficient, a larger number of them, less remarkable, but taken together, may also have significant probative value.

*Id.* at 28, 604 A.2d at 1273.

¶ 21. Applying this rule, we held that "[w]hen the sexual acts are taken together with the specific statements that the girlfriend and the victim were forced to repeat, and the defendant's frequent use of cocaine during the activity, the evidence strongly tended to show that defendant was the perpetrator." *Id.* at 29, 604 A.2d at 1273. See also *Sweet,* 173 Vt. at 438-39, 801 A.2d at 709-10 (applying *Bruyette* in case where evidence of past pattern of distinctive conduct and vandalism of mobile home park owner was admissible in case brought by mobile home owner when identity of the perpetrator was at issue and the prior act was unique and sufficiently similar to the charged offense to make it highly likely that defendant and perpetrator were the same person).

¶ 22. We have emphasized that in order to admit signature evidence under Rule 404(b) "[t]he State has the burden to show precisely how the proffered evidence is relevant to the theory advanced, how the issue to which it is addressed is related to the disputed elements in the case, and how the probative value of the evidence is not substantially outweighed by its prejudicial effect." *Winter,* 162 Vt. at 393, 648 A.2d at 627. To hold otherwise would permit the State to use prior act evidence to identify the defendant as the perpetrator simply because he or she has, at other times, committed the same garden variety criminal act. This type of identification is based on nothing more than the forbidden inference of propensity. See 2 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 404.22[5][c] (J. McLaughlin ed., 2d ed. 2003).

¶ 23. The prior act evidence offered by the State in this case was not signature evidence for two reasons. First, identity was not at issue in the case. As noted, we have consistently held that when prior acts are proffered as signature evidence, the identity of the perpetrator must be a material question before the jury. Whether the defendant was present at the scene was never in dispute here. The only question was whether the defendant committed the offense, and the prior act evidence was offered to illustrate the manner in which the offense could have been committed.

¶ 24. Second, although the prior act and the charged offense share some common features, there is nothing within the pattern or characteristics of the prior act that is so distinct that it constitutes the defendant's "signature." Neither the way in which the defendant followed the shopper and positioned himself in view of the child and not the parent, nor the manner in which he exposed himself, is in any way unique or idiosyncratic. There is also nothing unique about the act of getting only the child's attention, as many other shoppers could have done so with solely benign intentions. Similarly, it is an unfortunate reality that nothing about the way the defendant exposed himself to and allegedly masturbated in front of the child is unusual or distinct. This type of conduct certainly does not constitute "signature" criminal behavior sufficient to identify the defendant as the perpetrator to the exclusion of others.

¶ 25. The prior act evidence offered by the State should not have been admitted as signature evidence in this case where identity was not at issue and the pattern and characteristics of the past acts were insufficiently distinct to identify the defendant as the perpetrator. On this basis, I would reverse the trial court's ruling that the department store clerk's testimony and the closed-circuit video were signature evidence admissible under V.R.E. 404(b).

¶ 26. I am authorized to state that Justice Johnson joins this concurrence.

¶ 27. **Allen, C.J. (Ret.), Specially Assigned,** dissenting. I would not reverse defendant's conviction on the grounds identified by the majority and therefore dissent.

¶ 28. Defendant offers virtually no support for his claim that the court erred by failing to conduct a balancing test under V.R.E. 403 before admitting evidence of defendant's prior bad act. Defendant's argument on appeal consists solely of the following sentence: "Furthermore, the trial court never viewed the testimony in light of V.R.E. 403, as did Judge Burgess, who found that its prejudicial effect was not outweighed by any probative value." This is clearly inadequate briefing, and I would not address this claim. See V.R.A.P. 28(a)(4); *Johnson v. Johnson*, 158 Vt. 160, 164 n.*, 605 A.2d 857, 859 n.* (1992) (Supreme Court will not consider arguments not adequately briefed).

¶ 29. More importantly, to the extent the court is required to conduct a Rule 403 balancing test prior to admitting evidence under V.R.E. 404(b), the record demonstrates that such balancing occurred. Before trial, the State gave notice pursuant to V.R.Cr.P. 26(c) of its intent to introduce evidence that defendant had engaged in the same type of activity four weeks earlier in another department store. The evidence consisted of testimony from an employee at the store and a closed circuit videotape. The court conducted the Rule 403 balancing before trial and in a written opinion concluded that this evidence should be excluded on Rule 403 grounds absent a claim by defendant that the allegation against him was "incredible" or "until developments at trial make the introduction of the other bad acts imperative, or unless the defense otherwise opens the door to its admission."

¶ 30. Defense counsel later opened the door to admission of this evidence by implying that it would have been impossible for defendant to expose himself to the victim given the close physical presence of the child's mother. The State moved to introduce defendant's prior bad act to rebut this insinuation. The videotape of defendant's earlier act showed how defendant used store shelves to shield his activity from the mother's view. Defendant objected on propensity grounds but did not raise a Rule 403 objection. The court admitted the prior bad act as signature evidence, explaining that "the argument has been made to the jury where the mother being right there, you know, it couldn't happen that way but, in fact, here's a tape that tells me this is precisely what happened — it has happened before and how this person has done it. So for that reason I am going to find that that's admissible." Thus, the record reflects that the court engaged in the Rule 403 balancing test before trial and defendant later opened the door to the admission of this evidence.

¶ 31. The majority erroneously concludes that the trial court's failure to conduct a Rule 403 balancing test warrants reversal of defendant's conviction. However, this Court has conducted the balancing test itself in cases where the probative value and prejudicial effect are evident from the record. In *State v. Derouchie*, 153 Vt. 29, 35, 568 A.2d 416, 419 (1989), for example, we concluded that the trial court had exercised its discretion under Rule 403 based on the trial court's statement that it was "going to let in the cocaine evidence." We concluded that the record did not indicate that the prejudicial effect of the admitted evidence "so overweighed the probative value that the evidence should have been excluded as a matter of law." *Id.* As in *Derouchie*, the record here amply demonstrates that the probative value of the admitted evidence outweighed its prejudicial effect, particularly in light of de-

fendant's insinuation that this incident could not have occurred in the mother's presence. Defendant has not met his heavy burden of establishing that the trial court withheld its discretion or exercised it on grounds clearly untenable or unreasonable. See *State v. Parker*, 149 Vt. 393, 401, 545 A.2d 512, 517 (1988).

¶ 32. Finally, to the extent this alleged error should be addressed at all, I believe our review should be for plain error rather than abuse of discretion because defendant did not object on Rule 403 grounds at trial. A defendant cannot claim error in the admission of evidence unless he has made a timely and specific objection during trial. V.R.E. 103(a)(1); *State v. Fisher*, 167 Vt. 36, 43, 702 A.2d 41, 45 (1997). "The objection must have been made at the time the evidence was offered or the question was asked, and objection on one ground does not preserve the issue for appeal on other grounds." *Fisher*, 167 Vt. at 43, 702 A.2d at 45-46 (internal citations omitted); see also 2 J. Weinstein & M. Berger, Weinstein's Federal Evidence §§ 403.02[1][b], 404.23[5][e] (J. McLaughlin ed., 2d ed. 2003) (trial court's decision to admit evidence under F.R.E. 404(b) generally subject to review for abuse of discretion, but if no objection made at trial to claimed evidentiary error, review will be for plain error only). To preserve a Rule 403 objection to the admission of evidence under Rule 404(b), a party must raise a specific objection during trial. Federal courts addressing the same issue under the Federal Rules of Evidence have reached a similar conclusion. See Reporter's Notes, V.R.C.P. 1 ("Federal cases interpreting the Federal Rules are an authoritative source for the interpretation of identical provisions of the Vermont Rules."); see also *United States v. Gomez-Norena*, 908 F.2d 497, 499-501 (9th Cir. 1990) (objection on F.R.E. 404(b) grounds did not preserve claim of error under F.R.E. 403); *United States v. Manso-Portes*, 867 F.2d 422, 426 (7th Cir.

1989) (objection to evidence premised on F.R.E. 404(b) did not preserve objection under F.R.E. 403); *United States v. Sandini*, 803 F.2d 123, 126-27 (3d Cir. 1986) (objection that evidence was "irrelevant" did not preserve claim of error under F.R.E. 403 or F.R.E. 404).

¶ 33. The need for a timely and specific objection is particularly relevant where, as here, the judge who presided at trial did not consider the pretrial motion concerning the admissibility of defendant's prior bad act. See *State v. Senecal*, 145 Vt. 554, 558, 497 A.2d 349, 351 (1985). In *Senecal*, we concluded that a defendant had waived his claim that the court erred in denying his motion to suppress where defendant failed to object at trial to the admission of the evidence that he had earlier sought to suppress. *Id.* at 557-58, 497 A.2d at 351. We explained that defendant's failure to object would not have resulted in a waiver of his claim had no new facts been adduced at trial and had the same judge presided at trial as had decided the motion to suppress. *Id.* at 558, 497 A.2d at 351. However, because the trial judge had not ruled on defendant's earlier motion, the trial judge "never had an opportunity to consider the defendant's objection to the evidence." *Id.* We stated that, "[p]articularly since pretrial rulings are tentative and subject to revision, it cannot be said that objection at trial would have been a useless performance or would not have served to further apprise the court or the State of [defendant's] claim." *Id.* (citations, internal quotation marks, and ellipses omitted). Thus, because defendant failed to object at trial, our review was for plain error only. *Id.*; see also *Morrisseau v. Fayette*, 164 Vt. 358, 363-64, 670 A.2d 820, 824 (1995) ("[I]n criminal cases, we require defendants to seek a 'horizontal appeal' of pretrial rulings made by a different judge so that the trial judge is not put in error by another judge's ruling."); *State v. Jewell*, 150 Vt. 281, 282, 552 A.2d 790, 791 (1998) ("Failure to

object to the admission of evidence at trial that was earlier the subject of a motion to exclude will constitute a waiver where a different judge presided at trial than decided the motion.").

¶ 34. In this case, the pretrial judge decided that evidence concerning defendant's prior bad act was not admissible on Rule 403 grounds unless defendant opened the door to its admission at trial. The trial judge later ruled that the evidence was admissible because defendant had implied that he could not have committed the charged act. In the absence of a Rule 403 objection at trial, defendant may not now raise this claim of error on appeal. This Court has consistently held that to preserve an issue for appeal a party must "present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." *In re White*, 172 Vt. 335, 343, 779 A.2d 1264, 1270 (2001) (internal quotation marks and citation omitted). The purpose behind the preservation rule "is to ensure that the original forum is given an opportunity to rule on an issue prior to our review." *Id.* at 343, 779 A.2d at 1270-71. Holding that a "propensity" objection under Rule 404 is sufficiently specific to alert a trial judge to conduct a Rule 403 balancing test flies in the face of our precedents on preservation. Defendant failed to raise a Rule 403 objection at trial, and the court's admission of this evidence does not rise to the level of plain error. See *State v. Pelican*, 160 Vt. 536, 538, 632 A.2d 24, 26 (1993) ("Plain error exists only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights.") (internal quotation marks and citation omitted).