VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-404



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2025

Christina Walker\* v. Shawn Newell\*\* et al.     }     APPEALED FROM:
}
}     Superior Court, Addison Unit,
}     Civil Division
}     CASE NO. 119-7-18 Ancv
      Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Plaintiff Christina Walker appeals, and defendant Shawn Newell cross-appeals, from the jury verdict in favor of plaintiff in this personal-injury action.  We affirm.

In April 2017, defendant was operating a car on Route 7 in Salisbury, Vermont.  While attempting to pass another car, he collided head-on with plaintiff's car.  The crash caused plaintiff severe injuries and killed her passenger, Brian Kerr, who was her significant other and the father of her children.  Plaintiff sued defendant for gross negligence and sought compensatory and punitive damages.[1]

At the time of the crash, defendant had never had a driver's license.  He subsequently pled guilty to grossly negligent operation with death resulting and served several years in prison.

Prior to trial in this case, defendant admitted that he was liable for gross negligence, but did not admit liability for punitive damages.  The jury returned a verdict in plaintiff's favor and awarded her $34,957 in lost wages and $750,000 for pain and suffering.  The jury did not award punitive damages.  Plaintiff appealed and defendant cross-appealed.

Plaintiff's primary argument on appeal is that the trial court erred in excluding evidence of defendant's prior convictions for vehicular offenses because they were relevant to her claim for punitive damages.  She argues that the trial court's ruling was inconsistent with its pretrial decision denying defendant's motion to exclude the evidence.  The trial court has broad discretion in deciding whether to admit or exclude evidence and its ruling "will not be reversed absent a showing that the court abused its discretion by either totally withholding that discretion or by exercising it in a clearly untenable or unreasonable fashion."  Sweet v. Roy, 173 Vt. 418, 434 (2002).

---

[1]  Plaintiff also alleged negligent-entrustment claims against defendant's girlfriend and her mother, who allowed defendant to use their car.  These claims were dismissed by stipulation prior to trial.

Prior to trial, defendant moved to exclude, among other things, evidence of his 2004 convictions of negligent operation and violation of conditions of release and his 2006 convictions of reckless endangerment, grossly negligent operation, and attempting to elude a law-enforcement officer. He argued that this evidence was inadmissible under Vermont Rule of Evidence 609 because the offenses did not involve untruthfulness or falsification, their probative value was outweighed by the danger of unfair prejudice, and more than fifteen years had elapsed since the convictions. The trial court granted the motion to exclude the 2004 violation of conditions of release, but denied defendant's motion to exclude the other convictions, concluding that their admission would not be unduly prejudicial.

At trial, during direct examination of defendant, plaintiff's counsel indicated that he intended to question defendant about the 2004 and 2006 convictions, "[t]he ones the court ruled could be used." The court disagreed with plaintiff's characterization of its ruling, stating that it had not affirmatively ruled that the convictions were admissible, only that it was denying defendant's pretrial motion to exclude them. It questioned how the convictions were relevant and for what purpose plaintiff offered them. Plaintiff's counsel stated that he was offering them to prove a "pattern of behavior and intent to prove punitive damages here." Defense counsel argued that the convictions were more than fifteen years old, were inadmissible prior bad acts, and the danger of prejudice outweighed their probative value.[2] The court concluded that "given their age, given that there is a significant possibility of potential for a jury to misunderstand their use here," the probative value of the convictions in relation to the punitive-damages claim was outweighed by the danger of prejudice. The court therefore prohibited plaintiff's counsel from asking defendant about the convictions.

Under Vermont Rule of Evidence 404(b), evidence of prior crimes "is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Plaintiff argues that the court's ruling was error because in Carpentier v. Tuthill, we held that evidence of a defendant's prior convictions was admissible to show the degree of reprehensibility of the defendant's conduct for purposes of proving punitive damages in a trial on that issue. 2013 VT 91, ¶ 17. Because the convictions were not being offered to prove propensity, we rejected the defendant's claim that they were inadmissible under Rule 404(b). Id.; see also Sweet, 173 Vt. at 440 (holding prior-bad-act evidence admissible to prove punitive damages).

The fact that such evidence is admissible under Rule 404(b) is not the end of the inquiry, however, because "evidence that fits within the exception of this rule must also pass the balancing test of Rule 403." Reporter's Notes, V.R.E. 404. "That balancing is highly discretionary," State v. Winter, 162 Vt. 388, 399 (1994), and the court need not "specify the

---

[2] Under Rule 609, a prior conviction that does not involve untruthfulness or falsification is admissible to attack the credibility of a witness if it was a felony conviction, occurred within the past fifteen years, and the court determines that its probative value outweighs its prejudicial effect. Although defendant sought to exclude the evidence under Rule 609, that rule did not bar admissibility where, as here, the convictions were being offered for a different purpose than impeachment. See Carpentier v. Tuthill, 2013 VT 91, ¶ 16, 195 Vt. 52 (holding Rule 609 did not bar admission of convictions that were more than fifteen years old because they were offered to prove reprehensibility element of punitive-damages claim, not to impeach witness).

precise weight it accords each factor in the balancing test," State v. Shippee, 2003 VT 106, ¶ 14, 176 Vt. 542 (mem.). The court here determined that the age of the convictions, coupled with their potential for misleading the jury, meant that their probative value was outweighed by their prejudicial effect. The court reasonably exercised its discretion in weighing the factors and concluding that the evidence was inadmissible. Cf. State v. Patten, 2018 VT 98, ¶ 14, 208 Vt. 312 (affirming decision to admit evidence that defendant was sex offender where record showed court conducted Rule 403 analysis). Although the court indicated otherwise in its pretrial decision, "the trial court may reserve the right to reconsider its decisions on motions in limine during trial in light of the evidence adduced and defenses presented." State v. McAllister, 2018 VT 129, ¶ 21, 209 Vt. 60. We therefore decline to disturb the court's ruling.

Plaintiff next challenges the court's punitive-damages instruction to the jury. Plaintiff argues that the court's instruction that plaintiff had to prove that defendant "was actually aware of the substantial certainty of death or great bodily harm and ignored that" to receive punitive damages was an incorrect statement of plaintiff's burden under the law.

To preserve a challenge to a jury instruction, a party must raise the specific objection to the trial court at the charge conference or before the case is submitted to the jury. Hartnett v. Union Mut. Fire Ins. Co., 153 Vt. 152, 160 (1989); V.R.C.P. 51 ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto either at a charge conference or before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."). Plaintiff does not indicate how she preserved this argument for appeal, and the transcript shows that plaintiff did not object to the court's punitive-damages instruction during the charge conference or after the jury was charged. Accordingly, we decline to consider her challenge. See Follo v. Florindo, 2009 VT 11, ¶ 14, 185 Vt. 390 ("In general, issues not raised at trial are unpreserved, and this Court will not review them on appeal.").

Because we conclude that plaintiff has not demonstrated reversible error, we do not reach defendant's argument that, if the verdict is reversed, we should order the trial court to instruct the jury that there was no claim for the death of plaintiff's significant other.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Nancy J. Waples, Associate Justice

3