**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Billie Blaine LIPPS, Defendant-Appellant.**

No. 81–1036.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 1981.

Decided Oct. 19, 1981.

Francisco Leon, Phoenix, Ariz., for defendant-appellant.

Roslyn O. Moore, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before BROWNING, Chief Circuit Judge, WRIGHT, Circuit Judge, and BYRNE,[*] District Judge.

PER CURIAM:

Billie Blaine Lipps was convicted by a jury of three counts of an indictment that charged him with violations of 18 U.S.C.

---

[*] Honorable Wm. Matthew Byrne, Jr., United States District Judge for the Central District of California, sitting by designation.

§ 922(h)(1), which prohibits the receipt by a convicted felon of a firearm that has been shipped in interstate commerce. The district court sentenced Lipps to three concurrent five-year sentences.

At trial Lipps stipulated that he was a convicted felon and that the firearms in question had been shipped in interstate commerce. The defendant filed a motion in limine to prevent the prosecution from impeaching Lipps with his four prior felony convictions for burglary and robbery. The trial court denied the motion; Lipps testified and the prior convictions were admitted.

■ The sole issue on appeal is whether the court erred in admitting evidence of the prior convictions. Fed.R.Evid. 609(a) states that evidence of a conviction is admissible to impeach a witness' credibility if the crime was a felony "and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant." The decision to admit or exclude evidence of prior convictions is committed to the discretion of the trial court and will only be reversed if it constitutes an abuse of discretion. *See United States v. Hendershot*, 614 F.2d 648, 653 (9th Cir. 1980); Fed.R.Evid. 103(a).

■ In denying Lipps' motion, the district court did not explain why his prior convictions were more probative of his credibility than they were prejudicial. It appears that Lipps' credibility was not at issue as to any element of the offense or any material fact. The Government contends that his prior convictions can somehow be used to impeach the testimony of Michelle Suit, Lipps' common-law wife. The Rule, however, does not authorize the introduction of a defendant's prior convictions to impeach another witness.

■ The Government also contends that the prior convictions are probative of the element of the offense that requires proof that the defendant is a convicted felon. Lipps, however, stipulated to this fact. The Government also cites *United States v. Cook*, 608 F.2d 1175, 1187 (9th Cir. 1979) (en banc), *cert. denied*, 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980), for the proposition that knowledge of his criminal record would give the jury a "more comprehensive view" of Lipps' trustworthiness. Lipps, however, never attempted to misrepresent either himself or his background to the jury. Therefore, it appears that the district court erred in ruling that the Government showed that evidence of Lipps' prior convictions was more probative than prejudicial.

■ The district court's error, however, was harmless as to the first and second counts. Lipps stipulated to two of the three elements of the offense and the only question remaining, therefore, was whether he was in receipt of the firearms. Lipps testified that he carried the two guns charged in counts one and two into the store of the prospective purchaser.

■ He contends, however, that because his common-law wife owned the weapons, he was not in "receipt" of them. This Court has interpreted "receipt" broadly, holding that ownership itself is not required. *See United States v. Mitchell*, 557 F.2d 1290, 1292 (9th Cir. 1977). The term "receipt" includes any knowing acceptance or taking of possession of a weapon. *See United States v. Turnmire*, 574 F.2d 1156, 1157 (4th Cir. 1978); *United States v. Craven*, 478 F.2d 1329, 1336–37 (6th Cir.), *cert. denied*, 414 U.S. 866, 94 S.Ct. 54, 38 L.Ed.2d 85 (1973). Thus, any error in admitting evidence of Lipps' prior convictions was harmless as to the first two counts because he admitted "receipt" and stipulated to the other two elements of the offense.

■ This Court declines to review the conviction of the third count pursuant to the concurrent sentence doctrine. Where the sentences on two or more counts run concurrently, an appellate court may refuse to review a conviction on one count if the conviction under another count is affirmed and if no adverse collateral consequences result to the defendant from the additional conviction. *See United States v. Martin*, 599 F.2d 880, 887 (9th Cir.), *cert. denied*, 441 U.S. 962, 99 S.Ct. 2407, 60 L.Ed.2d 1067

(1979). Conviction on the third count would not appear to lead to adverse collateral consequences. Regardless of whether Lipps is convicted of two or three violations of § 922(h) arising out of a single transaction, his offense severity rating for parole purposes will be the same. *See* 28 C.F.R. § 2.20. Therefore, affirmance of the conviction on the third count will not increase the time he is likely to serve before parole.

AFFIRMED.