2005 VT 90

**STATE of Vermont v. Lynda L. FRANKLIN**

[883 A.2d 783]

No. 03-280

¶ 1. August 2, 2005. Defendant, Lynda Franklin, was convicted of perjury pursuant to 13 V.S.A. § 2901 based on her testimony given during a prior prosecution for driving while intoxicated (DWI), that she had not operated a vehicle while she was intoxicated. Defendant appeals, and we affirm.

¶ 2. Defendant and Garth Ely were living together when police responded to Ely's telephone call informing police that defendant was drunk and had driven a vehicle while intoxicated. That day, Ely gave a statement to the police that defendant drove a truck to her parent's house. Three criminal proceedings arose out of this one incident. First, the State charged defendant with DWI. During the DWI trial, the State asked defendant if she had operated the vehicle on that day. She answered, "No I did not. I didn't operate it." Contrary to statements he gave earlier, Ely testified during defendant's DWI trial that defendant had not operated the vehicle.

¶ 3. Second, Ely was charged with and convicted of perjury based on the statement he made during defendant's DWI trial. This charge resulted from an investigation of a domestic assault complaint made by defendant against Ely. During the investigation, a police officer videotaped Ely making a statement concerning the facts surrounding the DWI charge against defendant. Ely's statement conflicted with his testimony at defendant's DWI trial, and resulted in his conviction.

¶ 4. Third, the State charged defendant with perjury, and she was convicted. Defendant appeals her perjury conviction, which was based on her testimony during the DWI prosecution where she denied operating a vehicle.

¶ 5. Defendant argues on appeal that: (1) it was plain error to admit Ely's in-court testimony, Ely's videotaped statement, and Ely's perjury conviction; (2) without Ely's testimony, insufficient evidence existed to convict defendant of perjury; and (3) the court committed reversible error when it did not rule on defendant's motion for judgment of acquittal at the close of the State's case.

¶ 6. At trial, defendant failed to object to the admission of Ely's testimony. As a result, we review for plain error only. Plain error occurs when there is glaring error so grave that it strikes at the very heart of defendant's constitutional rights or it affects the fair administration of justice. *State v. Oscarson*, 2004 VT 4, ¶ 27, 176 Vt. 176, 845 A.2d 337; *State v. Ladabouche*, 146 Vt. 279, 281, 502 A.2d 852, 854 (1985). To reverse for plain error, we must find not only that the error seriously affected defendant's substantial rights, but also that it had an unfair prejudicial impact on the jury's deliberations. *Oscarson*, 2004 VT 4, ¶ 27; *State v. Mears*, 170 Vt. 336, 341, 749 A.2d 600, 604-05 (2000).

¶ 7. In the present perjury case against defendant for lying under oath during her DWI trial, the State introduced Ely's perjury conviction, Ely's in-court testimony regarding defendant's operation of the vehicle, and Ely's statements given

during a videotaped interview with a police officer.

¶ 8. The trial court properly admitted Ely's perjury conviction of February 25, 2002. Section 2907 of Title 13 prohibits a court from receiving "[t]he oath of a person convicted of perjury . . . in a proceeding in court." Contrary to defendant's argument, § 2907 does not require exclusion of evidence of a perjury conviction because its admission does not depend upon the perjurer's oath.

¶ 9. The trial court erred, however, by admitting Ely's in-court testimony because earlier Ely had been convicted of perjury for statements he made during defendant's DWI trial. He was, therefore, not a competent witness under § 2907. He was also incompetent to testify pursuant to 12 V.S.A. § 1608, which states that a person convicted of perjury is incompetent to testify in court. Consequently, the court was not permitted to accept his oath.* Even though this testimony added context for the perjury conviction, the Information and Criminal Charge Disposition Report filed against Ely and admitted into evidence reflects that Ely lied under oath at defendant's DWI trial. Thus, the perjury conviction is relevant without Ely's testimony.

---

* Vermont is one of the few states that retains the per se incompetence rule for convicted perjurers. Most state statutes and the Federal Rules of Evidence provide that all persons are permitted to testify to relevant facts within their knowledge. F.R.E. 601; *Fuselier v. State*, 96-DP-00045-SCT (¶¶ 15-20), 702 So. 2d 388 (Miss. 1997) (abandoning the per se incompetence rule after recognizing that the "great weight" of authority has rejected it). Until the Vermont Legislature amends 13 V.S.A. § 2907 and 12 V.S.A. § 1608, however, we must apply them.

¶ 10. We conclude that defendant was not unfairly prejudiced by the admission of Ely's testimony because the record reveals that, on balance, Ely's live testimony actually supported the defense and not the prosecution. Moreover, even if the videotaped statement was inadmissible, we conclude that the admissible evidence supported defendant's conviction. We, therefore, find no glaring error requiring reversal under our plain error review.

¶ 11. During trial, the State called Ely to testify, but his testimony largely supported defendant's claim that she did not lie when she denied driving while intoxicated. First, Ely repeatedly testified that defendant did not drive the truck. He testified that he lied when he told the police that defendant had driven the truck, and testified that defendant never started the truck. Ely also testified that he lied when he gave the statement to police on the day of the incident because he was upset, and he "shouldn't have said she drove the truck," but that a police officer "told [him] to write that down" in his written statement. He further explained that he "was pissed off," and he was "trying to get back at her," when he lied to the police during the domestic assault investigation. We therefore conclude that Ely's testimony during defendant's perjury trial benefitted defendant.

¶ 12. Defendant contends that "[w]ithout [Ely's] testimony . . . the evidence was necessarily insufficient to sustain a conviction for perjury." We disagree. In a prosecution for perjury, previous inconsistent statements given by the defendant standing alone are not sufficient to support a perjury conviction. But a defendant's conflicting statements are competent evidence of perjury if corroborated by the testimony of other witnesses. *State v. Woolley*, 109 Vt. 53, 57, 62, 192 A. 1, 3-5 (1937) ("[T]he testimony of one . . . witness, corroborated by the testimony of another or by circum-

stances, is sufficient, if thereby the crime is proved beyond a reasonable doubt."); *State v. Tonzola*, 159 Vt. 491, 497-98, 621 A.2d 243, 246 (1993) (relying on *Woolley*). We have further explained that: "'[T]he independent corroborating evidence must be equal in weight to the testimony of another witness, and it must be, by itself, inconsistent with the innocence of the defendant.'" *Tonzola*, 159 Vt. at 497, 621 A.2d at 246 (quoting *People v. Fueston*, 717 P.2d 978, 980 (Colo. Ct. App. 1985)). "'[E]ach witness or piece of corroborating evidence[, however,] need not independently prove false every aspect of the allegedly perjured testimony.'" *Id.* at 497-98, 621 A.2d at 246.

¶ 13. In the present case, independent evidence tending to corroborate the State's case was introduced to prove, beyond a reasonable doubt, that defendant committed perjury; thus, no plain error occurred. Defendant gave a number of inconsistent statements. Defendant's previous inconsistent statements were offered and properly admitted as competent evidence supporting the perjury charge. See *Woolley*, 109 Vt. at 62, 192 A. at 5 (stating that defendant's conflicting statements are competent evidence if corroborated by other witnesses). A police officer testified that soon after the incident defendant stated on two different occasions that she had driven the truck. She told the officer at her home that "she had dr[u]nk ten beers . . . and she had . . .[driven] the vehicle to her parent's house." Further, the officer testified that on the way to the police barracks defendant stated that she had driven the vehicle.

¶ 14. Despite defendant's admissions that she drove the truck, she testified during her DWI trial that she had not driven the vehicle. At the perjury trial, this evidence was admitted through a State witness who read defendant's testimony from her DWI trial. During the DWI trial, the State asked defendant if she told the officer that she had driven the vehicle. She said, "I did, but it wasn't — it was more like in the sarcastic way." Shortly after she made this statement, she testified that she did not drive the vehicle. Her previous admissions, together with her testimony at her DWI trial, create two conflicting statements. See *id.* at 62-64, 192 A. at 5-6 (relying on two of defendant's conflicting statements, one after the incident and the other under oath, to conclude that defendant committed perjury); see also *Tonzola*, 159 Vt. at 498, 621 A.2d at 246 (relying on defendant's false statement under oath and corroboration from testimony by other witness as evidence of perjury).

¶ 15. In addition, independent, corroborating evidence was introduced at defendant's perjury trial demonstrating that defendant lied during her DWI trial when she denied operation. Court records reflecting that Ely lied under oath at defendant's DWI trial were admitted, including the Information filed against Ely and the Criminal Charge Disposition Report. These records show that Ely was convicted following his testimony at the DWI trial for lying under oath when he testified that defendant did not operate the vehicle.

¶ 16. Moreover, a witness, whose credibility is not questioned, provided circumstantial evidence tending to show that defendant lied during her DWI trial. See *Woolley*, 109 Vt. at 63, 192 A. at 5 (relying on witnesses' credibility to support perjury conviction). A police officer testified that, when he arrived at the scene, defendant was outside and next to the vehicle that was parked in defendant's driveway, and the vehicle's headlights were on. The officer testified without objection, based on his experience, that "you get into a vehicle, you start it, you turn on your headlights, you drive off, you shut the vehicle off," and that he concluded that defendant had driven the vehicle and had forgotten to turn off the

headlights. Cumulatively, defendant's conflicting statements, Ely's conviction for lying under oath about defendant not driving the vehicle, and the officer's observations, were enough to support defendant's perjury conviction. We recognize that the State did not present the strongest case against defendant, but we find no obvious error so grave to require reversal.

¶ 17. Defendant also argues that the court committed reversible error when it failed to decide defendant's motion for judgment of acquittal made at the close of the State's case. The trial court declined to rule on defendant's motion because it wanted to "mull it over for a while," and explained that this decision was permitted under Vermont Rule of Criminal Procedure 29. Defendant did not object. The trial court later denied the motion after the jury returned the guilty verdict concluding that sufficient evidence existed to find defendant guilty beyond a reasonable doubt. Defendant contends on appeal that had the court decided the motion on the evidence admitted at trial when the motion was filed it would have granted it because the State failed to establish a prima facie case. Defendant argues that she was prejudiced because the trial court considered testimony admitted after the State rested its case, and there was insufficient evidence to sustain a conviction. Because defendant failed to make this objection at trial, we again review for plain error.

¶ 18. Rule 29 states in pertinent part:

(a) Motion Before Submission to Jury ... The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

The reporter's notes explain that "[a] motion made at the end of the state's case must be decided at that time because defendant should know the court's ruling before he decides whether to rest or put in his evidence." Reporter's Notes, V.R.Cr.P. 29.

¶ 19. Based on the statute's language and the reporter's notes, the trial court erred when it did not rule on defendant's Rule 29 motion made at the close of the State's case. We conclude, however, that when the State rested its case there was sufficient evidence in the record to prove defendant's guilt beyond a reasonable doubt. See Rule 29 (State's evidence must be insufficient for court to grant motion). At the end of the State's case, upon reviewing the evidence in the light most favorable to the State, we conclude that the State produced evidence fairly and reasonably tending to show defendant guilty beyond a reasonable doubt. See *State v. Carrasquillo*, 173 Vt. 557, 559, 795 A.2d 1141, 1145 (2002) (mem.) (setting out appellate court's standard when reviewing the denial of a motion for judgment of acquittal). Thus, defendant has not demonstrated that the failure of the trial court to rule on her motion at the close of the State's case amounted to plain error.

*Affirmed.*

Motion for reargument denied September 6, 2005.