2005 VT 130

**STATE of Vermont v. Steven KLUNDER**

[892 A.2d 927]

No. 04-356

¶ 1. December 13, 2005. Defendant Steven Klunder appeals from the trial court's finding that he violated the terms of his probation, and its August 2004 order denying his pro se request to mod-

---

ify the terms of his probation. We affirm in part and reverse in part.

¶ 2. In September 2003, defendant pled no contest to felony sale of cocaine. As part of a plea agreement, the State agreed not to charge defendant with sexual misconduct toward a ten-year-old female, E.N., and in exchange, defendant agreed to a number of probation conditions designed to address that latter misconduct. Specifically, he agreed to have no contact with E.N., or with any minor females under age sixteen, without permission of his probation officer, and to attend "individual mental health counseling with an emphasis on appropriate adult-child physical and sexual boundaries." The trial court accepted the plea agreement, and added a curfew and residency restriction.* This latter provision required defendant to reside and work where directed by his probation officer.

¶ 3. Shortly thereafter, E.N.'s family contacted defendant's probation officer to express concern that defendant was living with his mother a short distance away from E.N.'s home. Defendant's probation officer informed defendant that he could not continue to live with his mother. In January 2004, defendant filed a motion to amend the terms of his probation to allow him to continue living with his mother, asserting that his probation officer was acting arbitrarily. At a hearing on the motion, the State presented evidence that defendant's mother lived less than one-half mile from E.N.'s home. E.N. was frightened of defendant, and she had seen defendant in the neighborhood. On

---

* These requirements were orally imposed by the court and accepted by defendant at the Rule 11 hearing, but they were inadvertently omitted from the written probation order. The probation order was amended to reflect these requirements in January 2004.

one occasion, defendant waved to her. The trial court denied defendant's request on the record, explaining that E.N. should not have to live in constant fear of seeing defendant. The court found that defendant had agreed to the provisions in the probation order, and the court had included the extra conditions to address this type of situation. In light of defendant's request, however, the court added a special condition to allow defendant to visit his mother on specific dates and times as approved by his probation officer. Defendant did not object to this condition, nor did he appeal from the court's order.

¶ 4. In March 2004, defendant's probation officer filed a complaint alleging that defendant had violated probation by failing to participate in mental health counseling with a counselor in the field of sexual abuse. Defendant had apparently been in counseling with an individual at Health Care and Rehabilitative Services of Southeastern Vermont (HCRS). Defendant's probation officer informed defendant that the counselor at HCRS was not specifically qualified to provide sexual offender counseling. At a July 2004 merits hearing, the probation officer testified that he had given defendant the choice of three providers from whom he could receive mental health counseling with an emphasis on appropriate adult-child physical and sexual boundaries. These individuals were chosen because the Department of Corrections considered them to have expertise in the field of child sexual abuse. Defendant chose one of them — Mr. Kieran Zito — as his counselor, and he met with Mr. Zito twice to assess his counseling needs. Mr. Zito informed the probation officer that he would not meet with defendant again because defendant adamantly stated that he had never done anything sexually inappropriate with a child. Mr. Zito stated that he could not perform adult-child sexual boundary counseling with an

individual who was in denial. The probation officer discussed the discontinuation of counseling with defendant, and defendant repeatedly advised him that he had done nothing sexually inappropriate with a child. Defendant stated that he was willing to continue to meet with Mr. Zito as long as he did not need to acknowledge that anything inappropriate had happened. At the close of the hearing, the court found on the record that defendant had violated the terms of probation by failing to engage in counseling as required by his probation order. The court continued defendant on probation but ordered him to engage in counseling as required by his probation order within sixty days.

¶ 5. In July 2004, defendant filed a pro se letter asking the court to modify the conditions of his probation. Specifically, he sought the removal of the residency and counseling conditions, as well as the condition restricting his visits to his mother's home. Defendant asserted that the conditions had not been part of his original plea agreement and they were more onerous than the terms to which he had agreed. The trial court denied the motion in an entry order, stating that defendant's current probation conditions had been set at a hearing where defendant had been represented by counsel. The court explained that defendant had given no reason why the conditions should be changed. Defendant appealed from this order, as well as the court's earlier finding that he had violated probation.

¶ 6. We turn first to the court's finding that defendant violated the terms of his probation. Defendant argues that the trial court erred because the evidence showed that he was willing to continue to meet with the counselor, although he "had a problem with admitting that something inappropriate with a child had happened." Defendant maintains that he was treated as though he had agreed to

undergo sex offender treatment, and as a result, he was not given the opportunity to engage in the type of counseling that he had agreed to as part of the plea agreement. Defendant asserts that he was forced into noncompliance when the counselor discontinued the meetings, at which point the Department of Corrections filed a probation violation complaint.

¶ 7. The State must establish that a probation violation has occurred by a preponderance of the evidence. *State v. Gleason*, 154 Vt. 205, 216, 576 A.2d 1246, 1252 (1990). "The State meets its burden by showing that there has been a 'violation' of the express conditions of probation, or of a condition so clearly implied that a probationer, in fairness, can be said to have notice of it." *State v. Austin*, 165 Vt. 389, 398, 685 A.2d 1076, 1082 (1996) (citations, internal quotation marks, and emphasis omitted). The question of whether a probation violation has been established presents a mixed question of fact and law. *Id.* The trial court "must first make a factual determination of what actions the probationer took, and then make an implicit legal conclusion that certain acts constitute a violation of the probationary terms." *Id.* (quotations omitted). We will uphold the court's factual findings if they are fairly and reasonably supported by any credible evidence; the court's legal conclusion will stand if it is reasonably supported by its findings. *Id.*

¶ 8. In this case, the trial court concluded that defendant had violated his probation conditions because he had declined to engage in the type of counseling directed by the probation officer and that he had agreed to as part of the plea agreement, and his noncompliance was volitional. This conclusion is not supported by the evidence. Pursuant to the terms of the plea agreement, defendant specifically agreed to attend "individual mental health counseling with an emphasis on appropriate adult-child physical and sexual boundaries." Absent any warning that admitting to particular sexual misconduct would be required, such an admission was neither an express nor a reasonably implied condition of his boundaries counseling.

¶ 9. We have recognized that "[a]lthough a probation agreement is in no sense a strait-jacket, and a defendant may be put on notice as to what may constitute a probation violation merely by the instructions and directions of a probation officer, defendant is entitled to know what conduct is forbidden before the initiation of a probation revocation proceeding." *State v. Hammond*, 172 Vt. 601, 602, 779 A.2d 73, 75 (2001) (mem.) (quotations and citations omitted). Under the terms of the probation conditions in his plea agreement, defendant could not have known that his failure to make a specific admission to acts of child sexual abuse would constitute a violation of his probation. Defendant was neither charged with nor convicted of sexual assault. Had he been convicted of such a crime, his probation order could have included a condition requiring him to admit the underlying acts. See *State v. Peck*, 149 Vt. 617, 622-23, 547 A.2d 1329, 1333 (1988) (affirming imposition of probation condition requiring completion of counseling in a sexual offender's group where defendant charged with lewd and lascivious conduct involving a child under the age of sixteen pled nolo contendere to simple assault, because assault was of a sexual nature). The plea agreement in this case was too vague to hold defendant responsible for making admissions to acts of sexual abuse.

¶ 10. Thus, we cannot conclude, as we did in *Peck*, that defendant had fair notice that he would risk a probation violation by failing to admit sexual misconduct as part of his counseling. In *Peck*, the defendant signed a probation agreement that included a condition requiring him to

complete counseling to the full satisfaction of his probation officer in the context of a charge stemming from his sexual misconduct with a child. Before the defendant entered into the agreement, the district court reviewed the presentence investigation report, in which mental health professionals opined that the defendant was likely to recidivate. During sentencing, the district court informed the defendant that his misconduct was serious, underscoring the "gravity of the sexual offense." *Id.* at 618, 547 A.2d at 1330. Thus, when the defendant signed the agreement, he was on notice that his counseling would be focused on his status as a sex offender and the sexual nature of the offense, and in turn that his failure to admit the offense would violate his probation. *Id.* at 620, 547 A.2d at 1331. By contrast, in this case, defendant pled nolo contendere to a nonsexual offense, with the condition requiring "counseling with an emphasis on appropriate adult-child physical and sexual boundaries" coming about in response to an uncharged act of sexual misconduct. By its terms, that condition did not place defendant on notice that he would have to undergo *sex-offender* counseling, and thus admit to sexual misconduct. And, unlike in *Peck*, the circumstances surrounding defendant's plea agreement and sentencing did not put him on such notice either. Accordingly, we reverse the trial court's ruling that defendant violated the terms of his probation.

¶ 11. Defendant next argues that the court erred in denying his July 2004 pro se motion to modify the conditions of his probation. Defendant asserts that the court imposed a more restrictive condition in February 2004 when it allowed him to visit his mother only as approved by his probation officer.

¶ 12. As indicated above, the trial court denied defendant's pro se request in an August 2004 entry order, in part because defendant failed to offer any reasons why the conditions should be modified. Putting aside the question of whether the arguments he now raises on appeal were presented to the trial court, we find no basis to disturb the trial court's rejection of his request. The condition that defendant challenges was imposed in February 2004, in response to defendant's first motion to modify, which was filed by defendant's attorney in January 2004. At that time, the trial court granted defendant's request in part by allowing him to visit his mother as approved by his probation officer. See 28 V.S.A. § 253(a) ("During the period of probation, the court, on application of a probation officer or of the offender, or on its own motion, may modify the requirements imposed upon the offender or add further requirements authorized by section 252 of this title."). Defendant did not object to the imposition of this condition at the January 2004 hearing, nor did he file a challenge to this condition within a reasonable period of time. See *id.* § 253(b) ("Whenever the court proposes any modification of the conditions of probation, the probationer shall have a reasonable opportunity to contest the modification prior to its imposition."). Defendant's challenge to this condition came five months after it was imposed. We therefore do not address defendant's assertion that the evidence presented at the January 2004 hearing was insufficient to support the court's February 2004 modification order. We find no error in the trial court's August 2004 denial of defendant's pro se motion to modify.

*Affirmed in part and reversed in part.*