2006 VT 7

## State of Vermont v. Chad P. Eddy

[895 A.2d 162]

No. 04-337

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed January 13, 2006

*Diane C. Wheeler*, Franklin County Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*Matthew F. Valerio*, Defender General, *Henry Hinton*, Appellate Defender, and *Rebecca Turner*, Law Clerk (On the Brief), Montpelier, for Defendant-Appellant.

¶ 1. **Johnson, J.** Defendant appeals his conviction for burglary after a jury trial. Defendant argues that the trial court erred by admitting evidence of the guilty plea of a person who was accused of committing the burglary along with defendant. We affirm.

¶ 2. Defendant and Joshua Ritchie were arrested and charged with committing a burglary of a private residence. Ritchie pled guilty prior to defendant's trial. At trial, defendant did not testify, and he called only one witness, Shanna Labelle. Labelle testified that both defendant and Ritchie were with her at Ritchie's apartment for the entire day on the day of the burglary, with the exception of about fifteen minutes. During cross-examination, after establishing that Labelle insisted that

neither defendant nor Ritchie could have committed the crime because they were with her all day, the State asked Labelle whether she was aware that Ritchie had pled guilty to the burglary. She answered no. The State then offered to show Labelle a certified court document showing the docket sheet in Ritchie's case. Defense counsel objected without stating any grounds. The State responded that it was attempting to impeach the witness. The trial judge, Judge Kupersmith, expressed concern that the document was hearsay. Defense counsel then stated his position that Ritchie would have to be produced, and that the document could be admitted into evidence only if Ritchie denied the fact of his conviction. The judge indicated that he understood the State was not trying to impeach Labelle with her own conviction, but he remained concerned that the document contained hearsay statements by Ritchie. Defense counsel asked for a mistrial, reiterating that the evidence should not come in, but still failing to state a specific basis for his objection. After considering the matter further, Judge Kupersmith ruled that the State could not admit a hearsay statement of Ritchie, who was a co-conspirator, without an opportunity for defendant to cross-examine him. The trial court terminated the State's cross-examination of Labelle regarding Ritchie's guilty plea.

¶ 3. The State then called Ritchie to the stand and asked whether he was charged with the burglary of the Andy Naylor residence. Ritchie confirmed that he had been charged and that he pled guilty to the offense. On cross-examination, defense counsel asked Ritchie why he had pled guilty. Ritchie gave a lengthy explanation related to the benefits of the plea bargain and claimed that he had no recollection of committing the offense because he was using certain drugs that resulted in his "blacking out" from Saturday night until Monday morning. The State then brought to Ritchie's attention the details of his plea colloquy in which he had admitted the facts alleged in the information in court, under oath, after which the judge had accepted his plea. During his testimony, the State's exhibits proving the plea and conviction were admitted without objection, as was the entirety of Ritchie's testimony. The next objection defendant made was at the charge conference, challenging the court's instruction to the jury as to how Ritchie's conviction could be used. The court overruled this objection, and the jury convicted defendant of burglary.

¶ 4. Defendant argues that the trial court erred in admitting Ritchie's guilty plea because: (1) Vermont Rule of Evidence 609 does not permit use of a conviction to impeach anyone's testimony but the person convicted; and (2) the court's limiting instruction was inade-

quate to prevent the jury from using Ritchie's conviction as evidence of defendant's guilt. To the extent that these arguments rely on a coherent interpretation of the rules of evidence, they are simply different ways of phrasing the same assertion, made for the first time on appeal, that the court should have excluded Ritchie's guilty plea under Rule 403 because of its prejudicial effect. We hold that there was no error in admitting Ritchie's guilty plea, and we affirm.

¶ 5. We first address defendant's contention that the trial court's jury charge was inadequate to prevent the jury from using Ritchie's guilty plea as evidence that defendant was also guilty. This argument was not presented to the court at trial. At the charge conference, defendant objected to the State's proposed jury instruction, which prohibited the jury from using Ritchie's conviction as evidence of defendant's guilt and explained that they could use the guilty plea only to help weigh the credibility of Labelle's testimony. The trial court used the State's proposed instruction over defendant's objection. Defendant objected to this charge because "the rules of evidence are zealous about not allowing in prior convictions except under very limited circumstances," and Rule 609, governing the impeachment of a witness by a prior conviction, allows impeachment by a prior conviction of only the testifying witness. This was the first time defendant stated a legal basis for objecting to the admission of the guilty plea; hearsay was the only basis discussed for excluding the evidence at the time it was introduced, and Judge Kupersmith, not defense counsel, was the one who raised the concern about hearsay. Putting aside the admissibility of the evidence in general, there was no error in the court's jury charge. Defendant's argument precharge seems to have been that the instruction was improper because the evidence should not have been admitted in the first place. Having failed to make an objection to the evidence initially, except on hearsay grounds, it can hardly have been of benefit to let the evidence go to the jury without an instruction as to its proper use, which was to contradict Labelle's testimony that Ritchie could not have committed the crime.

■ ¶ 6. Defendant's claim of error actually relates to the court's admission of the evidence in the first place. He contends that it was not permissible for the State to use Ritchie's guilty plea to impeach Labelle. This argument relies on a misinterpretation of Rule 609, which governs the use of a prior conviction to impeach the credibility of a witness. Here, the conviction the State used was not Labelle's, but Ritchie's. Defendant is correct that Rule 609 does not contemplate this use of a prior conviction. This does not mean, however, that Ritchie's

conviction was inadmissible. Instead, it means that consulting Rule 609 cannot help resolve the admissibility of the evidence. Rule 609 allows the use of a witness's prior conviction when the conviction demonstrates the witness's character for untruthfulness, either because the crime's "statutory elements necessarily involve untruthfulness or falsification," or because the crime was a felony under Vermont law. V.R.E. 609(a). This rationale fails to apply in this case. Ritchie's guilty plea was introduced not to show that Labelle was generally untrustworthy, but rather to contradict Labelle's assertion that neither Ritchie nor defendant could have committed the crime. Rule 609 simply does not address the use of a prior conviction for the purpose of impeachment by contradiction. See 4 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 609.02[2], at 609-9 (2d ed. 2005) (stating that Federal Rule of Evidence 609 "does not govern the admissibility of convictions used to contradict a witness's testimony"). Defendant interprets Rule 609's inapplicability to this situation as a bar on the admission of Ritchie's guilty plea. Such an interpretation ignores the most basic principle of admissibility, Rule 402, which states that "[a]ll relevant evidence is admissible," unless some other rule, statute, or constitutional provision makes it inadmissible. V.R.E. 402. Thus, Rule 609's inapplicability has no bearing on the admissibility of Ritchie's guilty plea; it was relevant evidence that contradicted defendant's alibi evidence, and it was therefore admissible unless prohibited by some other rule.

¶ 7. Defendant cites several cases in support of his argument that one witness's prior convictions cannot be used to impeach another witness, but each statement that seems to support defendant's argument is cited out of context. Defendant cites *United States v. Lipps*, 659 F.2d 960, 962 (9th Cir. 1981), which held that a witness's prior convictions could not be used to impeach the witness's common-law wife's testimony. In *Lipps*, however, the witness whose convictions were used was the defendant, it was not obvious what value the convictions had for impeaching the defendant's common-law wife's testimony, and the defendant had already stipulated that he was a convicted felon. *Id.* Similarly, defendant relies on *Commonwealth v. Degro*, 733 N.E.2d 1024, 1033 (Mass. 2000), which held that one person's conviction could not be used to impeach another person's testimony. In that case, though, the deceased victim's prior convictions were erroneously admitted to impeach the testimony of two other witnesses under circumstances where the relevance of the victim's prior convictions was unclear. *Id.* Finally, defendant cites *State v.*

*Martin*, 827 A.2d 1, 9-10 (Conn. App. Ct. 2003), which reversed a defendant's conviction after the trial court took judicial notice of a co-conspirator's conviction following a separate trial for the same offense. In *Martin*, the defense counsel stated in his closing argument that neither the defendant nor the co-conspirator could have committed the crime, and the trial judge informed the jury that the co-conspirator had previously been convicted of the crime. In reversing the defendant's conviction, the court held that the trial court's statement was more prejudicial than probative, and stated, "It is a well-accepted principle that evidence about the conviction of a co-conspirator is not admissible as substantive proof of the guilt of a defendant." *Id.* at 8 (quotations omitted). The court pointed out that the trial court could have avoided the prejudicial effect resulting from revealing the co-conspirator's conviction by simply instructing the jury to disregard the defense counsel's improper statements. *Id.*

¶ 8. None of the cases cited by defendant establishes a clear rule prohibiting the use of a prior conviction to impeach a witness other than the person convicted. Rather, each of these cases, especially *Martin*, in which the conviction at issue was for the same offense for which the defendant was on trial, held that, under the specific circumstances, the probative value of the conviction was substantially outweighed by its prejudicial effect. Rule 609(a)(2) incorporates this weighing of probative value and prejudicial effect, but more importantly, Rule 403 applies a general balancing test for admitting evidence, stating, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." V.R.E. 403. Here, defendant contends that even if Rule 609 did not require the trial court to exclude Ritchie's guilty plea, Rule 403 required the court to weigh the plea's probative value against its prejudicial effect. Defendant raises this argument for the first time on appeal. "In order to claim error on appeal, a defendant is required to make a timely objection to the admission of evidence, and if it is not apparent from the context, he or she must state the specific ground for the objection." *State v. Shippee*, 2003 VT 106, ¶ 10, 176 Vt. 542, 839 A.2d 566 (mem.) (citing V.R.E. 103(a)(1)). We therefore review the trial court's admission of Ritchie's guilty plea for plain error, which occurs only "when there is glaring error so grave that it strikes at the very heart of defendant's constitutional rights or it affects the fair administration of justice." *State v. Franklin*, 2005 VT 90, ¶ 6, 179 Vt.

521, 883 A.2d 783 (mem.) ("To reverse for plain error, we must find not only that the error seriously affected defendant's substantial rights, but also that it had an unfair prejudicial impact on the jury's deliberations."). Even when a defendant makes a timely objection, the trial court's discretion in balancing prejudice against probative value under Rule 403 is broad. *Shippee*, 2003 VT 106, ¶ 13.

¶ 9. We hold that it was not plain error for the trial court to admit Ritchie's guilty plea for the limited purpose of impeaching Labelle's testimony by contradiction. In contrast to the conviction in *Martin*, Ritchie's plea was probative of important facts independent of his own guilt. Defendant presented only a single witness, Labelle, and his entire theory of the case relied on Labelle's statement that neither defendant nor Ritchie could have been present at the burglary. Ritchie's guilty plea was compelling evidence that Labelle's testimony was either a mistake or a lie. The guilty plea was also prejudicial; because the State's witnesses testified that Ritchie and defendant committed the crime together, there was a risk that the jury would presume defendant's guilt from Ritchie's plea, without making an independent determination of defendant's guilt. See *Martin*, 827 A.2d at 8 ("[A] defendant is entitled to have the question of his guilt determined upon the evidence against him, not on whether a codefendant or government witness has been convicted of the same charge.") (quotations omitted). The court recognized this prejudicial effect, and it attempted to mitigate it through the jury charge. We cannot say that it was plain error for the court to determine that the prejudicial effect of Ritchie's guilty plea did not substantially outweigh its considerable probative value. While it is unfortunate from defendant's perspective that his alibi witness vouched for the innocence of a person who had already pled guilty, it was not error for the court to allow the State to point out this discrepancy, particularly when defendant did not call the court's attention to any arguable legal basis for excluding such evidence.

*Affirmed.*