2007 VT 125

**STATE of Vermont v. Amon SYLVESTER**

[944 A.2d 909]

No. 06-487

*Joseph, J.*

¶ 1. December 12, 2007. Defendant Amon Sylvester appeals from the revocation of his probation. He contends that the trial court erred by finding that he "blamed the victim" of his crime, and that the court applied the wrong standard of proof in the probation-violation hearing, thereby denying him due process of law. We affirm.

¶ 2. Many of the pertinent facts are undisputed. In 2006, defendant pled guilty to one felony count of lewd and lascivious conduct, 13 V.S.A. § 2601, and one misdemeanor count of domestic assault. *Id.* § 1042. Defendant's then-wife was the victim in both incidents. Under the plea agreement, defendant received consecutive sentences of two to five years on the lewd-and-lascivious-conduct charge and zero to one year on the domestic-assault charge. The agreement stipulated that both sentences would be suspended, and defendant was placed on probation. Defendant's probation conditions included the requirement that he "attend, participate meaningfully in, & complete [the Domestic Abuse Education Program (DAEP)] to the satisfaction [of his probation officer]."

¶ 3. Defendant was accepted into DAEP after a May 10, 2006 intake interview at which a counselor found that he "kind of sugarcoated" some aspects of his crimes but was "accountable enough" to be in DAEP. Weekly DAEP sessions began later that month, and defendant attended those sessions until July 12, 2006. At the July 12 meeting, according to the testimony of two of the three witnesses at the probation-revocation hearing, defendant "minimized his criminal conduct, denied what he had done, and blamed his victim for what had happened." Upon hearing from the DAEP facilitators after that meeting, defendant's probation officer concluded that defendant had violated the condition of his probation requiring that he complete DAEP, and filed a probation-violation complaint on July 14, 2006. Probable cause was found that day, and a hearing on the complaint was held in early September 2006.

¶ 4. At the hearing, the court heard testimony from defendant, his probation officer, and the two DAEP facilitators

who were present at the July 12 meeting. One of the facilitators was present at all of defendant's DAEP meetings, and the other only on July 12. In a brief entry order, the court recounted the testimony of the three State's witnesses. The probation officer testified that defendant had not completed the DAEP to her satisfaction and that doing so was a special condition of his probation. The first facilitator testified that, at meetings prior to and on July 12, defendant minimized his criminal conduct and did not seem to be fully accountable for his actions. The second facilitator testified that, at the July 12 meeting, defendant did not accept responsibility for his crimes. The court stated that it found these three witnesses credible.

¶ 5. Defendant then testified. He disputed the facilitators' assertion that he had minimized his actions, and stated that he thought he would not be dismissed from DAEP unless he missed three meetings. The court did not find defendant credible.

¶ 6. Based on the testimony described above, the court concluded as follows: "[T]he State has proven, by a preponderance of the evidence, that [defendant] violated the terms of his probation. He did not participate satisfactorily in the DAEP treatment program." Defendant's underlying sentence was imposed at a hearing on November 14, 2006. He appealed.

¶ 7. Defendant first argues that the court's finding that he "blamed the victim" was unsupported by the evidence. In support of this contention, he notes that the DAEP coordinator, who was present at all of defendant's meetings, did not testify that she recalled defendant saying that the victim was at fault. Defendant further states that, "[w]hile the other facilitator thought [defendant] portrayed himself as a victim in his relationship with the victim, she never testified that [de-

fendant] blamed the victim." Finally, defendant cites his own testimony at the revocation hearing, at which he states he "squarely stated that he raped the victim and did not blame her for his misconduct." We will uphold the finding if it is supported by credible evidence. *State v Woolbert*, 2007 VT 26, ¶ 8, 181 Vt. 619, 926 A.2d 626 (mem.). We take the record as a whole and view the evidence in the light most favorable to the State. See *State v Millard*, 149 Vt. 384, 385-86, 543 A.2d 700, 701-02 (1988) (examining the record for credible evidence to support revocation).

¶ 8. At the outset, we note the State's argument that the court did not explicitly find that defendant blamed the victim. The State is correct that the court explicitly found only that defendant "did not participate satisfactorily in the DAEP treatment program" and that this violated the terms of his probation. The court's finding that he did not satisfactorily complete the program, of course, rested in part on its decision to credit the testimony of the facilitators, who stated among other things that defendant had denied — or at the very least minimized — his actions and blamed his victim. The finding of a probation violation, however, did not require the court to find that defendant blamed his victim, only that he had failed to complete DAEP. The record amply supports the finding that defendant did not participate in a constructive way in DAEP, both on July 12 and in earlier meetings. The facilitators testified that defendant regularly evaded questions, implied that he was the victim in his relationship, and lied to the facilitators and other group members about filing a motion for increased visitation in family court. There was also testimony that defendant had interfered with the rehabilitation of other group members by encouraging them to minimize their own culpability for their actions. There was credible evidence supporting the finding

that defendant did not satisfactorily participate in or complete DAEP.*

¶ 9. Defendant next contends that his due-process rights under the federal and state constitutions were violated when the trial court found that he had violated probation by a preponderance of the evidence rather than by clear and convincing evidence. See 28 V.S.A. § 302(a)(4) (requiring "[e]stablishment of the alleged violation by a prèponderance of the evidence by the state"). The claim was not raised before the trial court and is therefore not properly preserved for appeal. *In re Vt. Ry.*, 171 Vt. 496, 504-05, 769 A.2d 648, 656 (2000). Our review, therefore, is for plain error only. Plain error is "glaring error so grave that it strikes at the very heart of defendant's constitutional rights or it affects the fair administration of justice." *State v. Franklin*, 2005 VT 90, ¶ 6, 179 Vt. 521, 883 A.2d 783 (mem.).

¶ 10. Defendant's argument that the Federal Constitution requires a heightened standard of proof falls far short of plain error. Indeed, under the Federal Constitution, there was no error at all. See *Johnson v. United States*, 529 U.S. 694, 700 (2000) ("Although . . . violations [of probation] often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard . . . .").

¶ 11. We have never explicitly analyzed the state constitutional question defendant raises, but we need not do so in any great detail today to conclude that there was no plain error. Defendant has offered no convincing reason that we should depart, under Article 10, from the standard employed under the Federal Constitution and the vast majority of state constitu-

tions. See *Harris v. United States*, 612 A.2d 198, 205 n.16 (D.C. 1992) (collecting cases).

¶ 12. We have upheld — albeit without extensive analysis — probation violations found by a preponderance of the evidence for decades. See *State v. Decoteau*, 2007 VT 94, ¶ 8, 182 Vt. 433, 940 A.2d 661 ("[T]he State has the burden of establishing that a probation violation occurred by a preponderance of the evidence."); *State v. Klunder*, 2005 VT 130, ¶ 7, 179 Vt. 563, 892 A.2d 927 (mem.) (same); *State v. Bushey*, 149 Vt. 378, 382, 543 A.2d 1327, 1329 (1988) (same).

¶ 13. Furthermore, we have carefully considered the standard-of-proof question for parole-revocation proceedings and have concluded that such violations may, consistent with the Vermont Constitution's due-process requirements, be shown by a preponderance of the evidence. *Relation v. Vt. Parole Bd.*, 163 Vt. 534, 539, 660 A.2d 318, 321 (1995). More recently, we held that probation- and parole-revocation proceedings are "indistinguishable" for due-process purposes. *State v. Benjamin*, 2007 VT 52, ¶¶ 11-12, 182 Vt. 54, 929 A.2d 1276. It was not plain error for the trial court to apply the preponderance-of-the-evidence standard in a probation-revocation proceeding.

*Affirmed.*

Motion for reargument denied March 7, 2008.

---

* Defendant's after-the-fact statement at the revocation hearing that he does not blame the victim is not relevant to the question of whether he satisfactorily completed DAEP.