In re Edwin Rodriguez, No. 62-2-08 Bncv (Wesley, J., Mar. 9, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **Civil Division** |
| **Bennington Unit.** | **Docket No. 62-2-08 Bncv** |

### IN RE EDWIN RODRIGUEZ

### OPINION AND ORDER ON
### STATE'S MOTION TO DISMISS

Edwin Rodriguez has filed a Rule 75 petition seeking review of the Department of Corrections' determination that he is a person in need of sex offender treatment. In response, the State filed a motion to dismiss citing a lack of subject-matter jurisdiction and the failure to state a claim upon which relief can be granted.[1] Because the Court finds that no liberty interest has been infringed by the State, the State's Motion to Dismiss is **GRANTED.**

When considering a motion to dismiss, all uncontroverted factual allegations of the complaint are accepted as true and construed in the light most favorable to the nonmoving party. *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997); V.R.C.P. 12(b)(1). The relevant facts in this case are drawn from the petition and supporting documents as follows.

Charges were brought against Petitioner in the Bennington District Court in 2001 for aggravated domestic assault and several misdemeanor domestic assaults, and in 2002

---

[1] The procedural history of this case is complex. The petition was originally framed under 13 V.S.A.§ 7331 seeking post-conviction relief. It was later amended to a request for review of governmental action under V.R.C.P.75. After the State moved to dismiss the amended petition on *res judicata* grounds, because a similar Rule 75 challenge had already been denied, Petitioner moved to amend to allege a due process violation. The Court granted the motion to amend by its opinion and order issued May 28, 2010. Thereafter, the State moved to dismiss the amended petition – the motion to which this order is addressed. Petitioner opposed the State's motion, and has filed a motion for summary judgment. By request filed January 4, 2011, the State sought leave to delay filing a response to Petitioner's motion for summary judgment until the Court issued its ruling on the State's motion to dismiss. This order granting the State's motion to dismiss makes moot Petitioner's motion for summary judgment.

for kidnapping and aggravated sexual assault.  Each of these acts was allegedly perpetrated by Petitioner against his girlfriend, the mother of his child.  Petitioner entered into a plea agreement, accepted by the District Court in January of 2004, by which he pled guilty to aggravated domestic assault and kidnapping.  All other charges, including aggravated sexual assault, were dismissed by the State.  The Court imposed the sentences contemplated by the plea agreement, which were concurrent to each other and to any existing sentence, resulting in an effective sentence of 7–25 years to serve.

During the plea colloquy, Petitioner made clear that he was not admitting to any sexual misconduct.  It was his position that all intercourse which occurred during the kidnapping was consensual.  However, the allegations of sexual assault were never redacted from the police affidavit, nor did the State stipulate that it would never rely on the claim of sexual misconduct with respect to the period of incarceration contemplated by the plea agreement.

Following his incarceration, the Department of Corrections ("DOC") determined that Petitioner ought to participate in the Cognitive Self-Change ("CSC") program – a program designed for violent offenders.  While completion of this program had no effect on the minimum or maximum terms of Petitioner's sentence, successful completion of a rehabilitative program is a prerequisite for furlough release eligibility, by which Petitioner might conceivably be released before serving his minimum term.  As part of the CSC program, a participant must admit to the conduct underlying their offenses.  To determine what must be admitted, CSC facilitators rely on allegations in the police affidavits relating to their convictions.

While enrolled in the CSC program, Petitioner refused to admit to the sexual conduct alleged in the police affidavit. He took the position that the factual allegations relating to sexual misconduct were untrue, and that he did not have to admit to them because he had not been convicted of sexual assault, as reflected by the plea agreement. Based on his refusal to admit to these allegations, Petitioner was removed from the CSC program. He filed several grievances with the DOC, and was told that the underlying police affidavits would be relied upon to determine what he must admit to unless he formally corrected the record "through the courts." At the time of his removal from the CSC program, Petitioner had earned 6 Program Participation Credits ("PPC credits").

Shortly thereafter, Petitioner filed a pro se petition in the Washington County Superior Court alleging that the DOC had abused its discretion by removing him from the CSC program. The court found that it was reasonable for the DOC to rely on police affidavits to determine what a participant must admit as part of the CSC program, and it was reasonable to place the burden on the participant to alter such affidavits through the court to support any contention that he should not have to admit to certain allegations.[2] Consequently, the court found that the DOC had not abused its discretion when it removed Mr. Rodriguez from the CSC program. *Rodriguez v. Hofmann*, No. 702-10-07 Wncv (Vt. Super. Ct. September 12, 2008) (Toor, J.).

Petitioner has since enrolled in the Incarcerated Domestic Abuse Program ("InDap") and is no longer required to admit to the sexual assault. Petitioner will soon meet all criteria to qualify for conditional re-entry furlough except the accumulation of

---

[2] Although it is not clear to this Court what procedural mechanism would have been available to make such a "correction".

3

PPC credits. The PPC credits earned as part of the CSC program have not been restored, since Petitioner did not complete the program.

As indicated, Mr. Rodriguez has now filed another Petition for Post-Conviction Relief which, through several amendments, has been converted into a Review of Governmental Action pursuant to Rule 75 of the Vermont Rules of Civil Procedure. Petitioner asserts that he has a liberty interest in not being classified as a sex offender and therefore process must be afforded before such a determination can be made.[3] Petitioner asks the court to order the DOC to restore the six PPC credits lost when he was involuntarily terminated from the CSC program after refusing to acknowledge participating in a sexual assault.

**Jurisdiction**

The State challenges the jurisdiction of the court to hear this case under Rule 75. As the State maintains, Rule 75 only confers judicial authority over a challenge to governmental action not specifically cognizable under Rule 74, "if such review is otherwise available by law." V.R.C.P. 75(a). Since there is no explicit statutory authority for review of DOC programming determinations, the basis for judicial review must lie, if at all, within the ambit of the extraordinary relief formerly available at common law by resort to one of the ancient writs; i.e. mandamus, scire facias, prohibition, quo warranto or certiorari. See, *Employees' Ass'n v. Vermont Criminal Justice Training Council*, 167 Vt. 191, 195 (1997). As indicated by the Reporter's Notes to V.R.C.P. 75, the Rule may

---

[3] Petitioner's additional claim that having to admit to a sexual assault is not rationally related to the convictions for which he is incarcerated was settled by the ruling of the Washington County Superior Court, and is therefore barred by *res judicata*. *Rodriguez v. Hofmann*, No. 702-10-07 Wncv (Vt. Super. Ct. September 12, 2008) (Toor, J.).

4

afford a basis for review "in the nature of mandamus or prohibition to prevent an abuse of executive discretion or an excess of jurisdiction where no other remedy is available."

Although as discussed below, the Court concludes that Petitioner's due process claim is unsustainable on the facts plead here, Rule 75 was an appropriate vehicle for asserting the alleged abuse of governmental discretion.

**Due Process**

When evaluating a claim of a violation of procedural due process, the courts determine first if a liberty or property interest has been interfered with by the State and, if so, whether the procedural protections were constitutionally sufficient. *Conway v. Gorczyk*, 171 Vt. 374, 376 (2000)(citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). The liberty interests of a prisoner, protected by the due process clause of the United States Constitution, are limited to freedom from restraints imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Conway*, 171 Vt. at 377(citing *Sandin v. Conner*, 515 U.S. 472 at 484 (1995)).

The Vermont Supreme Court has addressed due process claims made by prisoners in three significant cases. In *Conway v. Cummings*, 161 Vt. 113, 118 (1993), the Court held that furlough status is not a protected liberty interest. In reaching this decision, the Court relied on the broad discretion granted to the Commissioner with respect to furlough. *Id.* In *Parker v. Gorczyk*, 170 Vt. 263, 277, (1999), the Court again held that there was no liberty interest in furlough and rejected the petitioner's attempt to bootstrap a parole liberty interest into the furlough process. The Court held that "[t]he Commissioner has the authority to classify prisoners in administering the prison system.

5

Considerations behind such classifications are peculiarly within the province and professional expertise of prison officials, and courts should ordinarily defer to their expert judgment in such matters." *Id.*

In *Conway v. Gorczyk*, 171 Vt. 374 (2000), the Court considered "whether an inmate has a liberty interest in participating in rehabilitative programs that may result in sentence reduction," *id.* at 464, the very issue presented here by Petitioner's amended petition. The Court found that no liberty interest was implicated under the United States Constitution or the Vermont Constitution and therefore no process was required before removal from such a program. *Id.* at 379. The Court also noted the distinction in liberty interests between parole revocation and any expectation of furlough stating, "there is a human difference between losing what one has and not getting what one wants." *Id.* at 378.

Mr. Rodriguez maintains that he has a liberty interest in not being classified as a sex offender. In support of his position, he cites to *Neal v. Nobriga*, 131 F.3d. 818 (9th Cir. 1997).[4] In *Neal* the court held that the inmate had a liberty interest in not being labeled a sex offender and was therefore entitled to the procedural due process protections announced in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The Court stated that "the stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility

---

[4] Petitioner also notes this Court's reliance on *Neal* in its order granting him leave to amend his petition. However, this prior order was principally directed at whether *res judicata* applied to bar Petitioner's attempt to amend his claim to state a due process violation. Furthermore, while the Court suggested that the amended petition appeared to have merit, the State had not responded to the motion to amend, nor raised any claim that the amendment should be denied as futile. See, *Perkins v. Windsor Hospital Corp.*, 142 Vt. 305 (1982). As indicated by the current opinion, the State has mounted a persuasive argument disputing any basis at law for Petitioner's claim on the facts as plead.

6

create the kind of deprivations of liberty that require procedural protections." *Neal*, 131 F.3d at 830. Other courts have reached a similar conclusion. *Coleman v. Dretke*, 409 F.3d 665, 668 (5th Cir.2005); *Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir.2000).

Even if this Court were to conclude that our Supreme Court would likely adopt the reasoning of the 9th circuit, see e.g. *State v. Klunder*, 2005 VT 130, ¶ 9, 179 Vt. 563, the limited liberty interest carved out by that holding would not apply under these facts. First, the DOC rehabilitation program challenged here, the CSC program, was not mandatory.[5] Even more fundamental is that Mr. Rodriguez has never been classified as a sex offender, or required to complete any sex offender programming as a condition of eligibility for parole or furlough. The requirement, stemming from the police affidavit describing his criminal behavior, that Petitioner admit to a violent sexual act as a condition to the successful completion of the Cognitive Self-Change Program for Violent Offenders, is not the equivalent of being compelled to participate in Vermont's Treatment Program for Sexual Abusers. Petitioner cannot plausibly claim that the stigmatizing consequences that accompany participation in VTPSA, as noted in *Neal*, apply to any similar degree with respect to his participation in the CSC program.

In sum, Mr. Rodriguez complains of his classification as "a sex offender" as it relates to the availability of rehabilitative programming and furlough eligibility. Yet, *Neal* notwithstanding, our Supreme Court in *Conway* made clear that there is no

---

[5] Indeed, it appears from the filings that Mr. Rodriguez has already substantially completed a different rehabilitation program and is well on his way to furlough eligibility. Given that Mr. Rodriguez is already participating in a separate rehabilitation program, this case may be moot. *See Dunbar v. Hofmann*, No. 2008-056 (Vt. Nov. 11, 2008) (unpublished mem.), available at http://www.vermontjudiciary.org/d-upeo/eo08-056.pdf (Petitioner's Rule 75 petition seeking reinstatement into the CSC program was dismissed as moot, after DOC stipulated to limits on what was required to be admitted as a condition of petitioner's participation in the CSC program).

protected liberty interest in an inmate's participation in a rehabilitative program that could reduce his sentence. *Id.* Similarly, Petitioner has no liberty interest in obtaining furlough. *Parker*, 170 Vt. 263. Under these circumstances it cannot be said that by removing Mr. Rodriguez from the CSC program interfered with a protected liberty interest such that due process protections apply. Petitioner's "opportunity to earn a reduction in his incarcerative term is just that, an opportunity. It is not a liberty interest that was interfered with by the state." *Conway,* 171 Vt. at 380.

To a significant degree, this case has proceeded well beyond any limit thought reasonable by the State because of Petitioner's insistence, and the Court's concern, that being classified "as a sex offender" raised troubling questions given the convictions encompassed by the plea agreement, which was accepted despite Petitioner's disclaimer of any culpability as to the sexual assault charges which were dismissed. Nonetheless, the Court's ruling now proceeds with singular clarity, turning on the elemental tenet that, despite loose nomenclature in the amended petition and this Court's earlier entries, *Petitioner has never been classified as a sex offender*, *nor threatened with such a classification*.[6] Thus, Petitioner has stated no facts creating a liberty interest to which a substantive due process claim can attach.

Based on the foregoing, it is hereby **ORDERED**:

State's Motion to Dismiss is **GRANTED**.

DATED                          , at Bennington, Vermont,


_____
John P. Wesley
Presiding Judge

---

[6] Petitioner did not assert that he was classified as a sex offender in the eight paragraph statement of facts contained in Amended Complaint, nor do these facts support such a conclusion.