*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-232

JANUARY TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | District Court of Vermont, |
| | } | Unit No. 2, Chittenden Circuit |
| | } | |
| Michael P. Witter | } | DOCKET NO. 5078-11-08 Cncr |

Trial Judge: Michael S. Kupersmith

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his jury conviction of driving while intoxicated (DWI), third or subsequent offense. We affirm.

In December 2008, defendant was arraigned on one felony count of DWI, third or subsequent offense, and one misdemeanor count of driving with a suspended license (DLS). Both charges stemmed from a single incident in which a police officer observed defendant driving in violation of his license suspension and then observed indications of intoxication. The two counts were tried together, but at the jury draw and again prior to trial, the trial court and the parties agreed that bifurcating both counts was appropriate to prevent the jury from learning about defendant's prior DWIs before first determining that he had driven under the influence with a suspended license. During these discussions, the parties and the court agreed that there should be no mention in the first phase of the trial of a conversation in which defendant stated to an officer at the police station following his arrest the basis for his underlying license suspension. The prosecutor noted that defendant had initiated another conversation with the arresting officer in which he volunteered information concerning the basis for the underlying suspension. Defense counsel stated that she did not think any discussion of the underlying suspension should be admitted during the first phase of the trial. The court noted that defendant's statement to the arresting officer could be relevant as to whether defendant received notice of his suspension, which is an element of DLS.

During the first phase of the trial, the State moved for admission of Exhibit 1, a printout of a portion of defendant's driving record, to prove that defendant's license had been suspended. The printout indicated a "LIFE" suspension effective March 8, 2007, but provided no basis for the suspension other than a conviction code of "RTA." Defendant objected to admission of Exhibit 1 based on a lack of foundation, and a discussion followed as to whether the document could be introduced to create a permissive inference under 23 V.S.A. § 674(g). The court initially reserved judgment on the admissibility of the exhibit, but later admitted it after the close of evidence in the first phase of the trial. The court ruled that § 674(g) permitted its admission and asked defense counsel if she had anything further to say about it. She responded in the negative. At that point, the court asked the parties about the State's burden of proving that defendant had been notified of his license suspension. The prosecutor stated that the court and

parties had agreed prior to trial that the State would not have to prove the notice element of the DLS charge until the second phase of the trial because the State's proof involved a police officer's statement indicating that defendant had acknowledged the DWI basis for the suspension. The court noted that generally the second phase of the trial would concern only the basis of the suspension, and not whether the defendant had been properly notified. When the court asked defense counsel what she recalled of the discussion at the jury draw, she responded: "Does my recollection matter?" Pressed by the court, defense counsel recalled that "there was some discussion as to keeping certain things away from the jury during the first part of the trial," and that she did not want to back out of an agreement with the prosecutor. The court indicated that it would take out the notice element from its instructions on the DLS charge for the first phase of the trial, and then, if there was a conviction on that charge, it would examine the record to see if in fact there was an agreement to defer the notice element until the second phase of the trial. Defense counsel agreed to that process and did not otherwise object to the court's jury instructions. The jury found defendant guilty on both counts.

Following the convictions, defense counsel approached the bench and notified the court that the prosecutor had agreed to dismiss the DLS count and that defendant would stipulate to the prior convictions with respect to the DWI count. Defendant later filed a motion for a new trial, arguing that the State obtained admission of his driving record purportedly to support the DLS charge, knowing full well that it could not prove the notification element of that charge, for the sole purpose of informing the jury that defendant's license had been suspended for life. According to defendant, this evidence was prejudicial to him with respect to the DWI charge because the jury would make the reasonable assumption that the life suspension resulted from a prior DWI conviction. The trial court rejected defendant's motion on multiple grounds: (1) there was no reason to believe that the document led the jury to infer the basis of the license suspension; (2) defendant never objected to admission of Exhibit 1 on grounds that it was unduly prejudicial with respect to the DWI charge; (3) the State was prepared to prove notification through the testimony of a police officer, but assumed that it was required to wait until the second phase of the trial because the testimony concerned defendant's acknowledgment of the basis of his suspended license; and (4) because the parties agreed that the State would dismiss the DLS charge and that defendant would stipulate to the prior DWI convictions, any error in the admission of Exhibit 1 was harmless.

On appeal, defendant argues that (1) the trial court committed plain error by allowing the jury to decide the DLS charge in the absence of any evidence on the notification element of the charge; (2) the later dismissal of the DLS charge did not cure the court's plain error because, if the DLS charge had been dismissed at the close of the prosecution's case, the jury would never have known that defendant's suspension was for life; and (3) admission of evidence of prior offenses is per se prejudicial error. We find no merit to these arguments, which essentially challenge the trial court's denial of defendant's motion for a new trial. See State v. Desautels, 2006 VT 84, ¶ 10, 180 Vt. 189 (noting that V.R.Cr.P. 33 permits trial court to grant new trial if warranted by interests of justice, and appellate review of trial court's decision on motion for new trial is limited to determining whether trial court abused its discretion). Despite plenty of opportunity, defense counsel never objected to admission of Exhibit 1 on the grounds that it was unduly prejudicial because of its reference to defendant's lifetime suspension. Further, at the close of evidence, defendant explicitly acquiesced to the trial court's suggestion that the first phase of the trial proceed to the jury without an instruction as to the notification element of the DLS charge, with the understanding that if there were a conviction on that charge, the court would examine the record to see what the parties' agreement had been with regard to the notification element. In short, defendant failed to preserve at trial any of his appellate claims of error, see State v. Fisher, 167 Vt. 36, 43 (1997) (noting that objection must be made at time

2

evidence was offered, and that objection on one ground does not preserve for appeal objection on another ground), and, even if we were to assume error, this is not a case in which the error was so prejudicial that it undermines confidence in the outcome of the trial, see State v. Johnson, 158 Vt. 508, 513 (1992) (describing test for determining plain error).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice